THE STATE, EX REL. CORRIGAN, *v.* WHITE, JUDGE.█

[Cite as State, ex rel. Corrigan, v. White (1976), 55 Ohio App. 2d 11.]

(No. 36592—Decided November 23, 1976.)

*Mr. John T. Corrigan,* prosecuting attorney, for relator.

*Mr. Donald Scott Tittle,* for respondent.

JACKSON, J. Petition by relator for writ of prohibition is granted.

The record before this court in this proceeding discloses that on June 11, 1976, the relator filed a petition for a writ of prohibition in which he challenged the jurisdiction of the respondent as a judge of the Court of

Common Pleas of Cuyahoga County to reconsider a motion for shock probation filed nine months after the original sentencing.

On June 17, 1975, defendant Jones T. Davis was sentenced by respondent judge in Criminal Case No. 16950 on two counts of aggravated assault, two counts of aggravated burglary, and one count of menacing, to serve concurrently six months to five years, four to twenty-five years, and thirty days in the workhouse.

A timely motion for shock probation was filed on July 21, 1975, pursuant to R. C. 2947.061. Respondent overruled this motion on August 1, 1975, without comment. The transcript of the hearing on the motion for reconsideration reveals that the respondent did not make a determination on the merits of the motion for shock probation because he was precluded by a decision of the Eighth District Court of Appeals from considering the defendant for shock probation since he had been convicted of a crime using a deadly ordnance. *State, ex rel. Corrigan,* v. *Court of Common Pleas; Young, Judge,* C. A. No. 34449, May 15, 1975.

On February 25, 1976, the Ohio Supreme Court in *State, ex rel. Corrigan,* v. *Court of Common Pleas* (1976), 45 Ohio St. 2d 187, adopted a contrary position, holding that such individuals were indeed eligible for shock probation under the statute. Defendant Jones Davis then filed a motion for reconsideration on March 26, 1976, and hearings were held on April 19 and April 23, 1976. Respondent judge determined that he did have jurisdiction to rule upon the merits of the motion and ordered Davis to have psychiatric and physical examinations. Respondent then ordered Davis to be brought before him on June 14, 1976 (according to respondent), or June 20, 1976 (according to relator), for a ruling on the merits. On June 11, 1976, however, the relator filed a petition for a writ of prohibition and this court issued an order allowing an alternate writ of prohibition commanding respondent to show cause why a permanent writ should not issue. On June 15, 1976, a hearing was held in this court to set the guidelines

for filing briefs. On June 25, 1976, respondent moved for dismissal. Relator filed a brief in opposition to the motion to dismiss on July 15, 1976. Respondent filed an answer brief on September 16, 1976. A motion for an oral hearing was also filed on that date. On September 16, 1976, motions by respondent to dismiss and for oral hearing were overruled.

The statute which provides authority for the trial court to grant shock probation is R. C. 2947.061. It provides that:

"Subject to sections 2951.03 to 2951.09, inclusive, of the Revised Code, *the trial court may, upon motion of the defendant made, not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period,* suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

*"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter."* (Emphasis added.)

Also, Ohio Supreme Court Rule of Superintendence 8D provides:

*"Probation After Serving Sentence.* Subject to R. C. 2951.03 to 2951.09, inclusive, *the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced,* is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, *or upon the court's own motion during the same thirty-day period,* suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

*"If a hearing is deemed necessary* by the trial court in the determination of a motion for suspension of further execution of sentence and for probation made pursuant to

R. C. 2947.061, *the court shall hold the hearing within sixty days after the filing date of the motion and enter its ruling thereon within ten days of the hearing.* If no hearing is conducted on such motion the court shall enter its ruling thereon within seventy days of the filing of the motion." (Emphasis added.)

Relator contends that the statute requires a strict reading and that the jurisdiction of the trial court ended when it denied the first motion for shock probation on August 1, 1975. *State* v. *Crawford* (1973), 34 Ohio App. 2d 137; *State, ex rel. Dallman,* v. *Court of Common Pleas* (1973), 32 Ohio App. 2d 102, reversed on other grounds, 35 Ohio St. 2d 176; *State* v. *Allison* (1968), 14 Ohio App. 2d 55.

Respondent contends on the other hand that the court shall be permitted to reconsider its own decision and correct its own errors based on its inherent powers. *See, State, ex rel. Dallman,* v. *Court of Common Pleas, supra; State, ex rel. Corrigan, v. Court of Common Pleas, supra.*

However, this court finds it unnecessary to reach this issue. The statute provides that a decision must be entered within ten days of a hearing for shock probation. Even if this court were to hold that the trial court does have the power to grant certain limited reconsideration, we are persuaded that the act of reconsideration must be taken within time limits equal to those applicable to the original motion. Consequently, when the defendant filed his motion for reconsideration on March 26, 1976, the judge had sixty days within which to hold a hearing and ten days more within which to enter a decision. Respondent exceeded those limitations and, is therefore, without jurisdiction to proceed in this matter. Accordingly, we find merit in the complaint by relator, and hereby grant the petition for writ of prohibition and command the respondent not to exercise jurisdiction in this matter.

*Writ allowed.*

DAY and STILLMAN, JJ., concur.