The STATE of Ohio, Appellant,

v.

REID, Appellee.

[Cite as *State v. Reid* (1989), 65 Ohio App.3d 330.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57492.

Decided Nov. 20, 1989.

John T. *Corrigan*, Prosecuting Attorney, and *Christopher Russ*, Assistant Prosecuting Attorney, for appellant.

*James A. Levin*, for appellee.

*Per Curiam.*

Appellee, Bryan F. Reid, pleaded guilty to two counts of aggravated robbery and a firearm specification and was sentenced to an initial term of three years' actual incarceration [1] and subsequent concurrent terms of five to twenty-five years. Appellee filed a "motion to suspend further execution of sentence" pursuant to R.C. 2947.061, which was denied. A second motion was filed by appellee and after a hearing the motion was granted. Appellee was placed on probation for three years. Appellant received leave to appeal.

Appellant, the state of Ohio, contended that appellee's possession of a firearm prohibited probation under R.C. 2947.061(B). Appellee argued that probation was proper when appellee had a "gun," which is not dangerous ordnance, and appellee only possessed, but was not *armed* with, a firearm.

R.C. 2947.061(B) provides as follows:

"Subject to sections 2951.02 to 2951.09 * * * the trial court may * * * suspend the further execution of the defendant's sentence and place the defendant on probation [2] if the defendant was sentenced for an aggravated

---

**1.** Imposition of a three-year term of actual incarceration for the firearm in addition to the term for theft with a gun (in this case, a firearm) is not double jeopardy. *State v. Price* (1985), 24 Ohio App.3d 186, 24 OBR 277, 493 N.E.2d 1372.

**2.** Clearly the language of R.C. 2947.061(B) authorizes only one action: "the trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence *and* place the defendant on probation * * *." (Emphasis added.) If there were two

felony of the first, second, or third degree,[3] is not serving a term of actual incarceration[4] * * * and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.

"*A defendant shall not file more than one motion* pursuant to this division *for each sentence* imposed upon him, and *the court shall deny, without hearing, any motion* not authorized by this division or *prohibited* by this division." (Emphasis added.)

■ Both motions addressed the sentences for the aggravated robbery counts. The second motion should have been denied. See R.C. 2947.061(B).[5]

■ The trial court denied the first motion without explanation. The first motion was not premature and thus it precluded a later motion. *Cf. State v. Shaw* (Apr. 23, 1987), Cuyahoga App. No. 52038, unreported, at 3, 1987 WL 10056. The 1987 motion was filed on December 14, 1987. The record does not reflect when appellee was delivered into custody after his sentencing on October 1, 1984 but appellee's motion states that he was delivered on October 17, 1984. R.C. 2947.061 requires that the motion for suspension be filed "after serving six months in the custody of the department of rehabilitation and correction." R.C. 2947.061(B). In *Shaw*, two premature written motions were not counted by this court as motions that prohibited the subsequent timely oral motion. *Id.* at 3 and 4. The language "and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction" does not mean six months from the beginning of the particular sentence to be suspended (here, the five to twenty-five-year term which began when the three-year term of actual incarceration ended). The six months began on the first day in 1984 that appellee was delivered to the reformatory to serve the sentence which included a term of actual incarceration.

---

possibilities "or" would be in place of "and." A defendant cannot be placed on probation unless the sentence has already been suspended.

**3.** Aggravated robbery is an aggravated felony of the first degree.

**4.** Appellee was not sentenced to a term of actual incarceration for aggravated robbery.

**5.** R.C. 2947.061(B) also states: "The court * * * shall enter its ruling on the motion within ten days after the hearing." "Even if * * * the trial court does have the power to grant certain limited reconsideration * * * the act of reconsideration must be taken within time limits equal to those applicable to the original motion." *State, ex rel. Corrigan, v. White* (1976), 55 Ohio App.2d 11, 14, 9 O.O.3d 174, 176, 378 N.E.2d 743, 745. The trial judge's order granting the motion was journalized on March 8, 1989 (twenty-three days after the hearing).

In a case involving R.C. 2947.061(A) in which the motion for suspension had to be filed between thirty and sixty days after defendant is "delivered into the custody of the keeper of the institution in which he is to begin serving his sentence," this court stated:

"In the case *sub judice,* defendant argues the court did have jurisdiction because the motion was filed within sixty days after defendant began serving the indefinite sentence for Aggravated Assault and subsequent to the expiration of the three-year mandatory gun specification sentence. We find defendant's argument unpersuasive. The meaning of the statute is clear: the motion must be filed not earlier than thirty days nor later than sixty days *after defendant is delivered to the keeper of the institution where the sentence is to be served."* (Emphasis *sic.*) *State v. Harris* (Dec. 24, 1987), Cuyahoga App. No. 53919, unreported, at 3, 1987 WL 30381.

In cases involving R.C. 2947.061(B), the six months run from the first day defendants are in custody of the department even if there is an initial three-year term of actual incarceration. Therefore, appellee's first motion was not premature. It was timely (filed after the six months) and must be counted.[6]

Even if there were only one timely motion or a motion for reconsideration were possible and jurisdiction were properly exercised appellee was improperly granted probation pursuant to R.C. 2947.061(B). That provision states that it is subject to R.C. 2951.02.[7] If an offender is ineligible for probation under R.C. 2951.02 he is ineligible for probation pursuant to R.C. 2947.061. R.C. 2951.02(F) states:

"An offender shall not be placed on probation, and shall not otherwise have his sentence of imprisonment suspended pursuant to * * * section * * * 2929.51 [8] * * * when * * *:

" * * * *

---

6. A motion which *Harris* says must be filed after the *first* day in custody may be filed while defendant is serving a term of actual incarceration and clearly ineligible for probation. A motion filed thirty to sixty days after the subsequent indefinite nonactual incarceration term has begun will be denied as late. The result is that no one sentenced to a term which includes a term of actual incarceration of six months or more will ever be able to obtain probation under R.C. 2947.061(A).

7. *State, ex rel. Corrigan, v. Court of Common Pleas* (1976), 45 Ohio St.2d 187, 74 O.O.2d 300, 343 N.E.2d 94, is not applicable. At the time of that decision R.C. 2947.061 stated that it was subject to R.C. "2951.03 to 2951.09." R.C. 2947.061 has since been amended to make it subject to R.C. 2951.02 also.

8. It addresses two means by which a sentence may be altered: (1) he may receive suspension and probation, *and* (2) he may "otherwise have his sentence of imprisonment suspended pursuant to" R.C. 2929.51.

"(3) The offense involved was * * * committed while the offender was armed with a firearm or dangerous ordnance * * *;

" * * *

"(5) The offender * * * is sentenced to a term of actual incarceration."

█ First, when actual incarceration is an aspect of a sentence, probation is barred for nonactual incarceration terms also. *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198, paragraph two of the syllabus, citing R.C. 2951.-02(F)(5).[9]

Second, R.C. 2951.02(F)(3) (as amended) is unambiguous. *State v. Butler* (1989), 42 Ohio St.3d 174, 176, 538 N.E.2d 98, 101.

"[F]or the purposes of R.C. 2951.02(F)(3), a person is *armed* when in possession of a firearm or a dangerous ordnance. The intent of the arming is not a necessary element of being armed." (Emphasis *sic.*) *Id.*

Armed "must be accorded its usual and ordinary meaning" and "[t]hat meaning * * * is: 'furnished with weapons of offense or defense: FORTI-FIED, EQUIPPED.'" *Id.* at 175, 538 N.E.2d at 100. Therefore, appellee was not eligible for probation pursuant to R.C. 2947.061(B) when he had pleaded guilty to having a firearm on or about his person or under his control during the aggravated robbery.

The decision of the trial court is reversed. This cause is reversed and remanded with instructions to revoke appellee's probation.

*Judgment reversed*
*and cause remanded.*

KRUPANSKY, P.J., JOHN F. CORRIGAN and STILLMAN, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

---

**9.** In *Smith*, defendant was sentenced to a term of two to fifteen years (including six months actual incarceration) and a concurrent one-year term. The trial court suspended both but ordered defendant to serve the six-month term of actual incarceration. Nevertheless the Ohio Supreme Court held:

"[A trial court's] discretion is specifically limited by R.C. 2951.02(F)(5), under which a defendant sentenced to a term of actual incarceration is ineligible for probation. R.C. 2951.02(F)(5) is clear and unambiguous. * * * Since, pursuant to R.C. 2925.03(E)(3), a six-month term of actual incarceration is mandated in this case, under R.C. 2951.02(F)(5) appellee is simply ineligible for probation. * * * [A]ppellee is *ineligible* for court-ordered shock probation *under R.C. 2947.061.* * * * The unequivocal prohibition contained in R.C. 2951.02(F)(5) precludes the trial court from granting probation where actual incarceration is a mandated *aspect* of the defendant's sentence." (Emphasis added.) *Id.,* 42 Ohio St.3d at 63–64, 537 N.E.2d at 202–203.