**In re MILLER.**

[Cite as *In re Miller* (1992), 82 Ohio App.3d 81.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–331.

Decided Aug. 7, 1992.

*James E. Vail, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Karen A. Novak,* for appellant, Scott Miller.

---

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, in which the court denied the objections of appellant, Scott Miller, to the conditions of his probation.

On November 24, 1990, appellant, then seventeen years of age, had a physical confrontation with his brother. As a result of the argument, appellant pushed his brother through a plate glass window. Subsequently, on May 8, 1991, appellant's brother filed a complaint alleging domestic violence in violation of R.C. 2919.25, in the Court of Common Pleas of Lucas County, Juvenile Division.

On May 20, 1991, appellant entered an admission to the charge of domestic violence. The court found him delinquent and placed him on probation with the following conditions:

"(a) Juvenile is to serve eighteen (18) days of rehabilitative detention effective May 8, 1991; (b) Juvenile is to obey all of mother's household rules; (c) Juvenile is not to go to place of business known as *CEASAR'S* located at North Erie Street, Toledo, Ohio; (d) Juvenile is not to associate directly or indirectly with Joe Wicks; (e) Juvenile is not to dress as a female; (f) Juvenile is not to engage in prostitution; (g) Juvenile is not to use drugs and/or alcohol; (h) Juvenile is to return to school as soon as possible; (i) Juvenile is to be home not later than 10:00 P.M. Monday through Thursday and 11:30 P.M. on Friday, Saturday and Sunday, unless otherwise permitted by his mother * * * *"

Appellant filed a motion objecting to conditions (c), (d), and (e) of his probation. On August 19, 1991, a hearing was held, and the court found the objections not well taken. It is from that judgment that appellant appeals to this court. Appellant sets forth two assignments of error, which read:

"First Assignment of Error:

"The conditions of probation that the juvenile is not to go to the place of business known as Ceasar's located at North Erie Street, Toledo, Ohio, that the juvenile is not to associate directly or indirectly with Joe Wicks, and that the juvenile is not to dress as a female violate the juvenile's constitutional rights under the U.S. and Ohio Constitutions and are therefore void and of no effect.

"Second Assignment of Error:

"The conditions of probation that the juvenile is not to go to the place of business known as Ceasar's located at North Erie Street, Toledo, Ohio, that the juvenile is not to associate directly or indirectly with Joe Wicks, and that the juvenile is not to dress as a female, are void and of no effect due to their noncompliance with the standards which are required of conditions of probation."

We will consider appellant's assignments of error together. The essence of appellant's argument is that the three probation conditions (1) not to go to Ceasar's, (2) not to associate directly or indirectly with Joe Wicks, and (3) not to dress as a female are arbitrary, unreasonable infringements of appellant's constitutional rights and have no relation to a charge of domestic violence.

This court has already addressed the issue of whether a court may impose conditions of probation which interfere with an adult's exercise of constitutional rights. *State v. Livingston* (1976), 53 Ohio App.2d 195, 7 O.O.3d 258,

372 N.E.2d 1335. The *Livingston* court recognized that R.C. 2951.02(C) allows broad discretion in setting additional conditions of probation. *Id.* at 196, 7 O.O.3d at 259, 372 N.E.2d at 1336. However, the *Livingston* court also recognized that the trial court is not free to impose arbitrary conditions that significantly burden a defendant's exercise of liberty guarantees, especially when the conditions bear only a remote relationship to the crime for which the defendant was convicted. *Id.*

The court set forth a three-part test to determine whether a condition of probation is invalid:

"A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid." *Id.* at 197, 7 O.O.3d at 259, 372 N.E.2d at 1337.

Applying the test to the case before it, the court held that the conditions of probation forbidding the defendant, convicted of child abuse, to have another child during the five-year probationary period did not satisfy the three-part test and was an unreasonable intrusion on the right to privacy. *Id.*

The Supreme Court of Ohio adopted the test set forth in *Livingston* in determining whether a condition of probation was related to "the interests of doing justice, rehabilitating the offender, and ensuring his good behavior," as required by R.C. 2951.02(C). *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470. In *State v. Jones*, the challenged probation condition prohibited the defendant, convicted of contributing to the delinquency of a child, from having any contact with anyone under eighteen years of age and not a member of his family. The Supreme Court found that the condition of probation relating to the association with minors was (1) reasonably related to rehabilitating the defendant, without being unduly restrictive; (2) related to the crime of which the defendant was convicted; and (3) reasonably related to future criminality and served the statutory ends of probation. *Id.* at 54, 550 N.E.2d at 472.

Appellant argues that the conditions of probation he is challenging in his appeal had no relationship to the charge of domestic violence because there is no finding that association with Joe Wicks, frequenting Ceasar's or dressing like a female had anything to do with the incident between him and his brother. Appellant also argues that the conduct prohibited by the appealed conditions is not criminal in itself and the appealed conditions are not reasonably related to prevent future criminality nor do they serve the statutory ends of probation. Consequently, appellant argues that the test set forth in *Livingston* and followed in *Jones* is not met, and the conditions are void

because they are unreasonable, arbitrary infringements on appellant's constitutional rights. In addition, appellant argues the conditions do not comply with the standards which are required for conditions of probation.

Appellee contends that *Livingston* involved adults and is not applicable to juvenile cases. To support his argument appellee points out that the *Livingston* court construed R.C. 2951.02(C), which governs adult probation conditions, whereas R.C. 2151.355(A)(2), which governs juvenile probation conditions and is applicable in this case, allows juvenile courts to "place the child on probation under any conditions that the court prescribes." R.C. 2151.-355(A)(2).

Appellee further contends that even if *Livingston* applies, the test is met in this case. Appellee argues first that association with Joe Wicks, frequenting Ceasar's and dressing like a female led to the domestic violence appellant committed. Appellee argues second that the jurisdiction of a juvenile court allows the court to prohibit not only criminal actions, but also actions which result in a "status offense" like unruly children who are beyond "the reasonable control of [their] parents * * * by reason of being wayward or habitually disobedient." R.C. 2151.022. The conditions imposed in this case, appellee argues, were designed to prevent a status offense and to keep appellant under the reasonable control of his mother. Finally, appellee argues that the court was concerned that associating with Joe Wicks, frequenting Ceasar's and dressing like a female would continue to cause problems at home. Thus, the probation conditions are valid. We are not persuaded by appellee's arguments.

Although we recognize the broader grant of power to juvenile courts in order to deal with the unique problems associated with juveniles, the Supreme Court of the United States made clear in *In re Gault* (1967), 387 U.S. 1, 41, 87 S.Ct. 1428, 1451, 18 L.Ed.2d 527, 553, that juveniles are entitled to Fourteenth Amendment protections as well as protections found in the Bill of Rights. *Id.* The Supreme Court of the United States has also stated:

"Constitutional rights do not mature and come into being magically only when one attains the state-defined age of majority." *Planned Parenthood v. Danforth* (1976), 428 U.S. 52, 74, 96 S.Ct. 2831, 2843, 49 L.Ed.2d 788, 807.

Furthermore, although juvenile courts may prescribe unique probation conditions, the conditions still must somehow relate to the offense for which the juvenile is charged. Juvenile courts cannot use the system of probation to impose arbitrary conditions completely unrelated to the crime for which the juvenile is charged. Therefore, we conclude that *Livingston* applies to juvenile proceedings and prohibits juvenile courts from unduly infringing upon a minor's constitutional rights when setting conditions of probation.

Applying the three-part test to the case before this court, we find the test was not met. As to the first part of the three-part test, after a careful review of the record we fail to see any relation between the appealed conditions of probation (1) not to go to Ceasar's, (2) not to associate with Joe Wicks, and (3) not to dress as a female, and the charge of domestic violence. Furthermore, the second and third parts of the test are not satisfied, because the three conditions do not relate to conduct which is in itself criminal or a status offense, and are not reasonably related to future criminality or a status offense. Finally, the conditions do not serve the statutory ends of probation nor can it be demonstrated that there is any compelling state interest in the probationary conditions at issue which could justify limiting First Amendment freedoms. The rights foreclosed by the trial court are fundamental rights and should not be encroached upon through the conditions imposed herein. Nothing in the record shows that appellant was beyond the reasonable control of his parents simply because he dressed as a female, associated with Joe Wicks or went to Ceasar's. In fact, although appellant's mother originally requested the conditions of probation, she subsequently supported having the conditions lifted.

The juvenile court's imposition of conditions of probation (c), (d), and (e) was unreasonable, arbitrary and capricious in this case and constitutes an abuse of discretion. See *State v. Longo* (1982), 4 Ohio App.3d 136, 4 OBR 228, 446 N.E.2d 1145, paragraph three of the syllabus.

Appellant's first and second assignments of error are well taken. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, denying appellant's objections, is reversed. Appellant is released from the appealed conditions of probation. Appellee is ordered to pay the costs of this appeal.

*Judgment reversed.*

HANDWORK, ABOOD and MELVIN L. RESNICK, JJ., concur.