OPINION
This is an appeal by Gerald L. Houston, Appellant, from a judgment of the Court of Common Pleas of Allen County, denying Appellant's motion for shock parole and/or judicial release.
On January 20, 1982, Appellant pled guilty to one count of Aggravated Burglary, two counts of Attempted Murder, and three counts of Aggravated Robbery, all first degree felonies. He was sentenced to serve a total of twenty to one hundred years in prison.
On April 1, 1991, Appellant filed a motion for shock probation pursuant to R.C. 2947.061. This motion was overruled by the trial court on May 10, 1991. On September 26, 1997, Appellant filed a motion for "judicial release," pursuant to R.C. 2929.20, or alternatively for "supershock parole," pursuant to R.C.2947.061(B). This motion was overruled by the trial court on September 29, 1997.
Appellant now appeals this ruling denying his motion for judicial release or shock probation. Appellant raises two errors for our consideration:
 I. When a trial court enters a judgment denying a motion for shock probation or judicial release, for an inmate who has served sixteen years of a potential one hundred year sentence, based solely on the Defendant's motion, with no response from the state and with no basis given as to why the motion is denied, where the law affecting the inmate[']s post-conviction relief has changed dramatically since incarceration, the trial court is abusing its discretion in deciding the matter.
R.C. 2947.061(B) provides:
 Subject to section 2951.02 to 2951.09 of the Revised Code * * * the trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation * * * if the defendant was sentenced for an aggravated felony of the first, second or third degree, is not serving a term of actual incarceration, is confined in a state correction institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.
 A defendant shall not file more than one motion pursuant to this division for each sentence imposed upon the defendant, and the court shall deny, without hearing, any motion not authorized by this division or prohibited by this division.
(Emphasis added.)
The language of the statute clearly prohibits the filing of more than one motion seeking shock probation. Therefore, the trial court correctly overruled Appellant's second motion for shock probation as it was not authorized under R.C. 2947.061(B).State v. Reid (1989), 65 Ohio App.3d 330, 331-332; See also,State v. Garcia (May 2, 1995), Franklin App. No. 94-APA11-1646, unreported; State v. Brady, II (Jan. 29, 1997), Summit App. No. 17750, unreported. We find no abuse of discretion in the trial court's decision.
Appellant does not otherwise qualify for "judicial release" under R.C. 2929.20. R.C. 2929.20 originated from Am. Sub. S.B. No. 2 ("Senate Bill 2") and was amended in Am. Sub. S.B. No. 269. As this court has previously held, Senate Bill 2 does not apply retroactively to defendants convicted and sentenced prior to July 1, 1996. State v. Dick (March 4, 1997), Seneca App. No. 13-96-43, unreported; See, also, State v. Williams (Nov. 12, 1996), Hocking App. No. 96CA9, unreported. Thus, Appellant's attempt to seek relief under this statute is prohibited. Appellant's first assignment of error is overruled.
 II. A convicted person's right to equal protection under the law is violated by a law granting penalty review to a person convicted of the same crime at a later date, but denying the same right of review for a person convicted prior to enactment, thus making the law unconstitutional as applied to persons convicted prior to the enactment of the law as it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution.
In his second assignment of error, Appellant attacks the development and modification of Ohio's post-conviction relief statutes, parole eligibility statutes, and criminal justice system, generally, as violative of the right to equal protection. While discursive, the essence of Appellant's argument seems to be that with the passage of Senate Bill 2, effective July 1, 1996, his rights to have his sentence reviewed (i.e. by parole boards) have been eliminated while defendant convicted after the effective date of Senate Bill 2 have greater rights to sentence review.
Initially we note that our jurisdiction over Appellant's appeal is limited to the trial court's denial of his motion for shock probation and/or judicial release, since these were the issues Appellant raised in his motion to the trial court. As a result, we will not address many of Appellant's extraneous constitutional arguments.
As we have previously stated, R.C. 2929.20 does not apply to Appellant since he was sentenced prior to the statute's effective date of July 1, 1996. Williams, supra. Nor does the fact that Senate Bill 2 only applies prospectively pose an equal protection problem in this case. See State v. Seymour (Oct. 29, 1997), Pickaway App. No. 96-CA-41, unreported. We note that the parole system in place prior to Senate Bill 2 is still available to Appellant since the legislature has preserved the parole system for those convicted and sentenced prior to July 1, 1996. Seymour,supra. Furthermore, although R.C. 2947.061 was repealed in July of 1996, this does not "[a]ffect any * * * right, [or] privilege * * * previously acquired, accrued, accorded, or incurred thereunder," nor does it affect any proceeding, or remedy in respect of any such privilege; "the * * * remedy may be instituted, continued, or enforced * * * as if the statute had not been repealed or amended." R.C. 1.58(A)(2)and (4). Consequently, Appellant has not lost the ability to apply for parole privileges should the parole statutes pertain to him; however, as we have stated in our disposition of Appellant's first assignment of error, Appellant has no statutory right to file a second motion for "supershock parole" under R.C. 2947.061. Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and BRYANT, JJ., concur.