OPINION
{¶ 1} Defendant-appellant Jared Crable appeals from his conviction in the Belmont County Court, Western Division. Crable was convicted of aggravated trespass, a violation of R.C. 2911.211, and assault, a violation of R.C. 2903.13. Both of these offenses are misdemeanors of the first degree. The first issue is whether assault is a lesser-included offense of aggravated trespass. The second issue is whether the sentence imposed rendered Crable's guilty plea unknowing, involuntary, and unintelligent. The third issue this court must consider is whether the trial court violated Crim. R. 32 and Crable's right to allocution. Next, this court must resolve whether the trial court abused its discretion by not giving appropriate weight to sentencing criteria. The fifth issue is whether the trial court abused its discretion by not following the sentencing guidelines. The final issue is whether the conditions of probation violated Crable's constitutional right to interstate travel. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On September 30, 2003, Crable entered Kelly Hunter's home and would not leave when asked. (Tr. 4-5). Also, while on Hunter's premises, Crable either caused Hunter physical harm or caused her to believe that she was in danger of physical harm. Thus, Crable was charged with aggravated trespass under R.C. 2911.211 and assault under R.C. 2903.13. Crable originally entered a plea of not guilty to the assault. (Tr. 4). However, upon consideration of a plea agreement, Crable pled guilty to assault and aggravated trespass, first-degree misdemeanors. (Tr. 4-7). The prosecutor dropped a pending second-degree felony burglary charge. (Tr. 4-7).
 {¶ 3} At the plea hearing, the trial court inquired into whether the plea was freely and knowingly given. (Tr. 4-6). Believing that it was freely given, the trial court accepted his guilty pleas to the two charges and dismissed the pending burglary charge. (Tr. 6). The case then proceeded to sentencing. The prosecutor requested that the court impose the maximum jail sentence, but suspended it with credit for time served, that Crable receive mental health counseling, and that he be placed on probation for two years, during which time he make no contact with Hunter. (Tr. 7). In regards to the aggravated trespass charge, the trial court sentenced Crable to a 180day jail term, which the trial court suspended, and placed him on probation for two years, during which time he must not make contact with Hunter and must stay out of Belmont County. (Tr. 8-9). Crable received a 180-day jail term for the assault charge, with 90 days suspended and credit given for time served. (Tr. 9). Crable filed a timely appeal with this court and raises six assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 4} "Defendant pled guilty to and was sentenced for committing aggravated trespass, thus defendant could not also plead guilty to and be sentenced for committing the lesser included offense of assault arising out of the same incident."
 {¶ 5} Crable argues that he cannot be put in jeopardy twice for the same offense. Specifically, he claims that assault is a lesser-included offense of aggravated trespass and, as such, it is the same offense. Consequently, he contends that the trial court could not sentence him for both offenses.
 {¶ 6} The state rebuts this argument by stating that assault is the not the lesser-included offense of aggravated trespass. Thus, according to the state, the trial court was permitted to sentence Crable on both offenses.
 {¶ 7} Under R.C. 2943.09, once a defendant has been convicted or been in jeopardy for an offense, the conviction is a bar to another indictment for an offense necessarily included therein. "Greater and lesser offenses are the same for purposes of the double jeopardy prohibition against multiple punishments when the lesser offense does not require proof of an element different from that required for proof of the greater offense." State v.Ocasio, 2d Dist. No. 19859, 2003-Ohio-6240, citing Brown v.Ohio (1977), 432 U.S. 161. Thus, a defendant cannot be found guilty and punished on both the greater offense and the lesser-included offense.
 {¶ 8} That said, the question before us is narrowed to whether or not an assault is a lesser-included offense of aggravated trespass. In order to be a lesser-included offense, the offense must meet three criteria: the offense must carry a lesser penalty than the other; the offense of the greater degree cannot ever be committed without the offense of the lesser degree also being committed; and some element of the greater offense is not required to prove the commission of the lesser offense.State v. Kidder (1987), 32 Ohio St.3d 279, 282; State v. Deem
(1988), 40 Ohio St.3d 205, 209.
 {¶ 9} Aggravated trespass is defined as entering or remaining on the land or premises of another with the purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing the other person to believe that the offender will cause physical harm to him. R.C. 2911.211. Assault is defined as knowingly or recklessly causing or attempting to cause harm to another or to another's unborn. R.C. 2903.13(A) and (B). Both aggravated trespass and assault are misdemeanors of the first degree. R.C. 2911.211(B); R.C. 2903.13(C). As such, one does not have a lesser penalty than the other. Therefore, Crable automatically fails the first prong of Kidder and Deem. This assignment of error has no merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 10} "Since the prosecution, as part of a plea negotiation, recommended to the trial court judge that no actual jail time be sentenced upon the defendant, but the trial judge mandated actual jail time anyway, defendant's guilty plea was not knowing [sic] voluntary and intelligent."
 {¶ 11} Crable next argues that his plea was not knowingly, voluntarily, and intelligently made because the trial court did not follow the prosecution's sentencing recommendations. All defendants who plead guilty in exchange for a lesser charge or a sentencing recommendation must make their pleas knowingly, voluntarily, and intelligently. Johnson v. Zerbst (1938),304 U.S. 458, 468. However, it is a wellestablished tenet in Ohio that a court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement. State v.Mayle, 11th Dist. No. 2002-A-0110, 2004-Ohio-2203. A trial court "does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state. Id. citing State v. Hunley,
12th Dist. No. CA2002-09-076, 2003-Ohio-5539.
 {¶ 12} Furthermore, a trial court cannot accept a guilty plea in misdemeanor cases without first personally addressing the defendant and informing the defendant of the effect of such a plea. Crim. R. 11(D). The requirements set forth in Crim. R. 11(D) must be substantially complied with in order for the plea to be voluntary. State v. Watkins, 99 Ohio St.3d 12, 16,2003-Ohio-2419. When determining whether a plea was given knowingly, voluntarily, and intelligently, the appellate court must focus primarily upon the colloquy between the trial court and the defendant. State v. Mulhollen (1997),119 Ohio App.3d 560, 564.
 {¶ 13} At the plea hearing, the trial court informed Crable that the maximum sentences for both aggravated trespass and assault, as misdemeanors of the first degree, are 180-day jail terms and $1,000 fines for each offense. (Tr. 5). After the trial court advised Crable that these were the maximum sentences for the crimes to which he was pleading, Crable informed the judge that he still wished to enter pleas of guilty to each of the charges. (Tr. 5). In addition, the trial court determined that Crable had not been threatened, coerced, or intimidated into entering the guilty pleas. (Tr. 6). Once the trial court was satisfied that Crable was indeed aware of the possible maximum sentences, it accepted the guilty pleas. (Tr. 6).
 {¶ 14} In the instant matter, the trial court substantially complied with Crim. R. 11(D) and forewarned Crable of the applicable penalties. Therefore, Crable's plea was knowingly, voluntarily, and intelligently given. Moreover, the trial court did not err in not following the prosecution's sentencing recommendation. Accordingly, this assignment of error has no merit.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 15} "The court erred in neglecting and refusing to ask the defendant if he had anything to say as to why sentence should not be placed upon him as required by criminal rule 32."
 {¶ 16} Crable argues that he was not properly asked if he wished to make a statement on his behalf before sentencing pursuant to Crim. R. 32(A)(1). Crable argues that the trial court was required to recite Crim. R. 32(A)(1) verbatim to him; asking him if he wished to make a statement or present information in mitigation of punishment.
 {¶ 17} Crim. R. 32(A)(1) states:
 {¶ 18} "At the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 19} Before sentencing, trial courts must strictly adhere to Crim. R. 32, which guarantees the right to allocution. Statev. Jones, 7th Dist. No. 02BE65, 2003-Ohio-3285. A Crim. R. 32 inquiry is "much more than an empty ritual; it represents a defendant's last opportunity to plead his case or express remorse." Id. citing State v. Green, 90 Ohio St.3d 352, 359-60,2000-Ohio-182. Before sentencing, trial judges must unambiguously address themselves to the defendant and should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing. Green, 90 Ohio St.3d at 359, citingGreen v. U.S. (1961), 365 U.S. 301.
 {¶ 20} At the plea hearing, the trial court permitted Crable's counsel and Crable to make a statement. After counsel made a statement, the trial court specifically asked Crable, "Mr. Crable, anything that you wish to say before I impose a sentence here?" (Tr. 8). Crable responded that he did not wish to say anything more before sentencing. (Tr. 8). While it is true that the trial court did not use the exact words of Crim. R. 32, it did give both counsel and Crable the opportunity to make a statement.State v. Burkey, 6th Dist. No. S-02-008, 2003-Ohio-1407. Thus, the trial court adhered to the standard imposed by Crim. R. 32(A)(1) and Green, since Crable was asked personally whether he wanted to speak on his behalf before sentencing. This assignment of error lacks merit.
 ASSIGNMENT OF ERROR NUMBER FOUR {¶ 21} "The trial court judge abused his discretion by not giving appropriate weight to the revised code §§ 2929.22
sentencing criteria."
 {¶ 22} Crable argues that the trial court did not properly consider the sentencing criteria when sentencing him. Specifically, Crable contends that both the prosecution and the victim stressed that they did not believe Crable should serve a jail term, but that he should receive mental health counseling. These are mitigating factors that Crable believes the trial court improperly ignored in violation of R.C. 2929.22. Thus, he believes that he should either be resentenced or his conviction should be overturned.
 {¶ 23} Sentencing is within the discretion of the trial court and ordinarily will not be disturbed absent an abuse of discretion. State v. Wagner (1992), 80 Ohio App.3d 88, 95, citing Columbus v. Jones (1987), 39 Ohio App.3d 87. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. State v. Joseph (1996), 109 Ohio App.3d 880,882, citing State v. Adams (1980), 62 Ohio St.2d 151, 157. When reviewing a sentence, an appellate court should be guided by the presumption that the trial court's findings were correct. In theMatter Of: Michael L. Slusser (2000), 140 Ohio App.3d 480, 487.
 {¶ 24} According to R.C. 2929.22, the trial court must consider the criteria listed in that statute before sentencing someone convicted of a misdemeanor. However, the trial court is not required to recite on the record its reasons for imposing the sentence. State v. Baker (1984), 25 Ohio Misc.2d 11, 13, citingState v. Bentley (May 6, 1981), 1st Dist. No. C-800378. Failure to consider the sentencing criteria is an abuse of discretion; but when the sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing otherwise. Wagner,80 Ohio App.3d at 95-96. Failing to explain the statutory reasons behind a certain sentence is only fatal if there are mitigating factors without any aggravating factors given at the sentencing hearing.State v. Flors (1987), 38 Ohio App.3d 133, 140. A silent record raises the presumption that the trial court considered all of the factors listed in R.C. 2929.12. State v. Fincher (1991),76 Ohio App.3d 721, 727, citing State v. Adams (1988),37 Ohio St.3d 295.
 {¶ 25} In the case at hand, the trial court was presented with both mitigating and aggravating factors as listed in R.C. 2929.22. The aggravating factors were that Crable had obviously harassed the same victim at least two times prior to this incident and that he also had a felony burglary charge pending, which was dismissed as a result of the plea bargain. (Tr. 7). There were also mitigating factors, including that both the prosecutor and the victim requested that Crable not be sentenced to serve an actual jail term and that Crable agreed to never have contact with the victim again. (Tr. 6-8).
 {¶ 26} At the sentencing hearing, the trial court did not specify any reasons as to why it sentenced Crable the way it did. The only evidence that Crable offered in support of the contention that the trial judge did not consider the factors listed in R.C. 2929.22 is that there were mitigating factors that the judge never mentioned during sentencing. However, Crable fails to mention that there were also aggravating factors that the judge had to consider, which would have balanced out the mitigating factors. Thus, although the trial judge made no specific findings showing that he considered the criteria listed in R.C. 2929.22, this silence is not fatal to the sentence since there is no proof that the judge abused his discretion. Flors,38 Ohio App.3d at 140. This assignment of error has no merit.
 ASSIGNMENT OF ERROR NUMBER FIVE {¶ 27} "The trial court judge abused his discretion by not properly following the revised code §§ 2929.21 sentencing guidelines."
 {¶ 28} Crable next argues that the trial court abused its discretion by suspending part of a jail term, upholding another part of a jail term, and sentencing the defendant to probation. The primary thrust of this argument is that the sentence imposed on Crable did not conform with R.C. 2929.21, which fixes the sentencing guidelines for misdemeanors. Crable also contends that it is an abuse of discretion for the trial court to impose a sentence that is outside of the misdemeanor sentencing guidelines.
 {¶ 29} Crable relies heavily on State v. Smith (1989),42 Ohio St.3d 60 and State v. Reid (1989), 65 Ohio App.3d 330 for his proposition that placing him on probation after he had served a jail term is inappropriate. His reliance on these cases is misplaced.
 {¶ 30} Relying on Smith, Crable argues that a trial court cannot sentence a person to actual incarceration for part of a sentence, have the remainder of the sentence suspended, and be placed on probation during the suspended sentence period.Smith, 42 Ohio St.3d at 63-64. However, Smith dealt with a felony conviction and was also decided before the Revised Code was amended to require definite sentences. The case at hand deals with a misdemeanor and definite sentences are now required. Also,Smith held that R.C. 2951.02(F)(5) precludes a trial court from granting probation where actual incarceration is a mandated aspect of the defendant's sentence. Id. at 60. However, in this case, actual incarceration was not mandated; for a misdemeanor of the first degree, the trial court may elect to sentence the offender up to 180 days in jail. R.C. 2929.24(A)(1). Therefore, this sentence is not mandated, and Smith's holding does not apply.
 {¶ 31} The Reid holding is equally inapplicable. The Reid
court relied heavily on Smith, which we have determined is inapplicable. Furthermore, like in Smith, Reid dealt with a felony sentence and was decided prior to the enactment of definite sentences. Reid (1989), 65 Ohio App.3d 330.
 {¶ 32} Next, Crable contends that the trial court judge abused his discretion by imposing a sentence that was more than that allowed by the law. As mentioned above, according to R.C. 2929.24(A)(1), for a misdemeanor of the first degree, the offender can be sentenced for up to 180 days. In this case, the trial court judge sentenced Crable to 180 days for each of the two offenses, suspending all but 90 days of that, and placing him on probation for two years. (Tr. 8-9). The sentence clearly falls within the mandates of R.C. 2929.24(A)(1). Therefore, the trial court judge did not abuse its discretion. This assignment of error has no merit.
 ASSIGNMENT OF ERROR NUMBER SIX {¶ 33} "The conditions of probation placed upon defendant violate defendant's constitutional right to interstate travel."
 {¶ 34} Crable argues in his final assignment of error that the terms of his two-year probation violate his constitutional right to interstate travel. Primarily, this argument relies on the fact that Crable is a resident of Pennsylvania and that the terms of probation are not reasonably calculated to protect the state's objective of protecting the victim.
 {¶ 35} The courts' discretion in imposing conditions of probation is not limitless. State v. Livingston (1976),53 Ohio App.2d 195, 196. A trial court is not free to limitlessly impose arbitrary conditions that significantly burden a defendant, preventing the offender in the exercise of his liberty and bearing only a remote relationship to the crime. Id. Reasonableness is the test of propriety for the conditions of probation. Id. A three-part test is used to determine whether a condition of probation is invalid:
 {¶ 36} "A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid." In re Miller (1992), 82 Ohio App.3d 81,84, quoting Livingston, 53 Ohio App.2d at 196.
 {¶ 37} The condition of probation which Crable finds fault with is that Crable is not permitted to enter Belmont County, except for necessary court appearances. (Tr. 8-9). This court must examine this term of probation in light of the three statutory requirements from Jones.
 {¶ 38} The condition must relate to the crime, relate to conduct which is in and of itself criminal, and must be reasonably related to prevent future crime. The crime in question took place at the victim's home, which is in Belmont County. (Tr. 4). Since Crable has repeatedly bothered the victim in her home, the condition of probation seems reasonably related to the crime and to preventing Crable from harassing the victim in the future. (Tr. 7). In addition, the aggravated trespassing conviction was directly related to the victim's home, since trespassing cannot occur without entering the premises of another. Thus, all of the reasons have been fulfilled; the condition of probation placed on Crable is reasonable.
 {¶ 39} In reaching that conclusion, it is noted that previous case law has held that it is unconstitutional, based on the right to interstate travel, to impose as a condition of probation that an out-of-state offender stay out of Ohio. Casdorph v. Kohl
(1993), 90 Ohio App.3d 294, 295. However, Casdorph involved a defendant who lived out-of-state and was banned from entering Ohio at all during the five-year probation period. Casdorph,90 Ohio App.3d at 294. In the case at hand, Crable, a Pennsylvania resident, was merely prohibited from entering one county in Ohio, not the entire state. Since he lives in Pennsylvania, there seems to be no need for him to enter Belmont County that outweighs the victim's future safety. Since this case is distinguishable fromCasdorph, and none of Crable's arguments legitimately require this court to overturn the terms of his probation, the probation is reasonable and constitutional. This assignment of error is not well taken.
 {¶ 40} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.