[Cite as *State v. Biddle*, 2025-Ohio-568.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MATTHEW BIDDLE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0035**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 24 CR 33

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, for Defendant-Appellant.

Dated: February 20, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Matthew Biddle, appeals from a Belmont County Common Pleas Court judgment sentencing him to seven to nine years in prison on his convictions for aggravated trafficking in drugs and having a weapon while under disability, following his guilty plea. Appellant argues the trial court did not make the findings required to sentence him to consecutive sentences, consecutive sentences were not supported by the record, and the court failed to provide him with his right of allocution. Appellant's arguments lack merit. The trial court made the required consecutive sentencing findings, which are supported by the record, and afforded Appellant his right of allocution. Hence, the trial court's judgment is affirmed.

{¶2} The charges in this case stem from a traffic stop on November 11, 2023, where Appellant was the driver and he had one passenger. Methamphetamine and a gun were found in Appellant's vehicle.

{¶3} On February 8, 2024, a Belmont County Grand Jury indicted Appellant on charges of aggravated trafficking in drugs, a second-degree felony in violation of R.C. 2925.03(A)(2) and (C)(1)(d) (Count 1); aggravated possession of drugs, a second-degree felony in violation of R.C. 2925.11(A) and (C)(1)(c) (Count 2); and having a weapon while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3) and (B) (Count 3). The drug charges both carried specifications for forfeiture of money in a drug case. Appellant initially entered a not guilty plea and the matter was set for a jury trial.

{¶4} On July 16, 2024, the parties informed the trial court that they had reached a plea agreement. Appellant agreed to plead guilty to the charges in the indictment. In exchange, Plaintiff-Appellee, the State of Ohio, agreed to recommend a three-year sentence. The trial court held a change of plea hearing, accepted Appellant's guilty plea, ordered a presentence investigation (PSI), and set the matter for sentencing.

{¶5} On July 29, 2024, the court proceeded with the sentencing hearing. The court found that Counts 1 and 2 merged for purposes of sentencing. It then sentenced Appellant to a minimum of four years on Count 1, with a maximum of six years, and three years on Count 3. It ordered Appellant to serve his sentences consecutively for a total

sentence of seven to nine years.  It also ordered him to forfeit $1,756.50 pursuant to the specification.

**{¶6}** Appellant filed a timely notice of appeal on August 2, 2024.  He now raises three assignments of error for our review.

**{¶7}** Appellant's first assignment of error states:

THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES ON APPELLANT WITHOUT MAKING THE REQUIRED FINDINGS UNDER R.C. 2929.14(C)(4), EITHER AT APPELLANT'S SENTENCING HEARING OR IN THE TRIAL COURT'S SENTENCING ENTRY.

**{¶8}** Appellant argues that the trial court failed to make one of the three required findings under R.C. 2929.14(C)(4)(a)(b) or (c).  He claims the court made this error at both the sentencing hearing and in the sentencing judgment entry.  Thus, he contends his sentence is contrary to law.

**{¶9}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law.  *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

**{¶10}** In this case, the trial court sentenced Appellant to four to six years for aggravated trafficking in drugs and three years for having a weapon while under disability.  Both of these sentences are within the applicable statutory ranges.  *See* R.C. 2929.14(A)(2)(3).

**{¶11}** As to the issue of consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to make specific findings:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 2013-Ohio-2956, ¶ 17 (7th Dist.). The court need not give its reasons for making those findings however. *State v. Power*, 2013-Ohio-4254, ¶ 38 (7th Dist.). A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 2015-Ohio-4100, ¶ 33-34 (7th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶13} The trial court clearly made the first two required consecutive sentencing findings, both at the sentencing hearing and again in its judgment entry. As to the first finding, at the hearing, the court found that "consecutive prison terms are necessary in this action to protect the public from future crime and to punish the defendant."

(Sentencing Tr. 14). And as to the second finding, the court said "[c]onsecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger he poses the public." (Sentencing Tr. 14). The court restated these findings in its judgment entry. (August 1, 2024 JE, p. 2).

{¶14} Appellant takes issue with the third required finding. The trial court relied on the R.C. 2929.14(C)(4)(c) finding for consecutive sentences, which provides: "The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." The trial court did in fact make this finding at the hearing by stating, "the Court also finds that . . . nonconsecutive sentences . . . will not adequately punish the defendant and protect the public from future crime[.]" (Sentencing Tr. 15). It made this statement after it had already detailed Appellant's extensive criminal history, noting his felony convictions for possession of cocaine, attempted robbery, possession of drugs, bank robbery with force or violence, attempted grand theft, trafficking, endangering children, having weapons under disability, illegal manufacture of drugs, and aggravated possession of drugs. (Sentencing Tr. 12-13). Also, the trial court repeated its finding in its judgment entry. (August 1, 2024 JE, p. 2).

{¶15} As the State points out, the only words the court did not use here were "the offender's history of criminal conduct demonstrates". As set out above, the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words as long as there is an indication that it made the three statutorily-required findings. *Bellard*, 2013-Ohio-2956, ¶ 17 (7th Dist.). The court indicated here that it was making the finding regarding Appellant's history of criminal conduct. The court took the time to detail Appellant's extensive record and found that nonconsecutive sentences would not adequately punish Appellant and protect the public from future crime. Thus, the trial court made the required R.C. 2929.14(C)(4) findings before sentencing Appellant to consecutive sentences.

{¶16} Accordingly, Appellant's first assignment of error is without merit and is overruled.

Case No. 24 BE 0035

**{¶17}** Appellant's second assignment of error states:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT SUPPORTED BY THE RECORD.

**{¶18}** Here, Appellant argues that consecutive sentences are not supported by the record.

**{¶19}** The trial court relied heavily on Appellant's criminal record. It cited to Appellant's felony convictions for possession of cocaine, attempted robbery, possession of drugs, bank robbery with force or violence, attempted grand theft, trafficking, endangering children, having weapons under disability, illegal manufacture of drugs, and aggravated possession of drugs. (Sentencing Tr. 12-13). It noted Appellant has been to prison four different times and also has a juvenile record. (Sentencing Tr. 9). Additionally, the court pointed out that Appellant has violated his probation six times. (Sentencing Tr. 9). And the court emphasized that Appellant already had a prior conviction for having a weapon while under disability and knew better than to do it again. (Sentencing Tr. 9). The court found Appellant did not respond favorably to prior sanctions in the past and he has continued to engage in the same criminal behavior, which demonstrated a likelihood of recidivism. (Sentencing Tr. 13). And the court noted that while Appellant blames drugs for many of his problems, he has not sought treatment. (Sentencing Tr. 10). The trial court's findings are all supported by the presentence investigation.

**{¶20}** Appellant asserts that while the trial court relied on his criminal history to impose consecutive sentences, it was required to have another basis on which to find that consecutive sentences were needed to protect the public from future crime or to punish the offender. Appellant seems to claim that in *State v. Ray*, 2023-Ohio-2375, ¶ 61 (7th Dist.), this Court held that the trial court must have some evidentiary basis, other than an offender's criminal history, to sentence him to consecutive sentences. But this Court never made such a ruling. In fact, in *Ray*, we found that the appellant's criminal history and the violent nature of his offense supported consecutive sentences. *Id*. at ¶ 64.

**{¶21}** Appellant also contends the trial court was "scraping the bottom of the barrel" by citing to his juvenile record. The trial court did mention Appellant's juvenile detention, but it was just one of the many aspects of Appellant's criminal history that the

court mentioned.  (Sentencing Tr. 9).  It was not stretching for a reason to impose consecutive sentences as Appellant suggests.

{¶22}  Additionally, Appellant argues that because another person was in the car with him when the drugs were discovered, it is questionable whether the drugs even belonged to him.  But as the State points out, Appellant pleaded guilty in this case.  Thus, he admitted his guilt and cannot now claim perhaps someone else was to blame.

{¶23}  Finally, Appellant points to his positive family and employment history as weighing against consecutive sentences.  And Appellant asserts that while the trial court also relied on his drug abuse, it did not consider that perhaps Appellant did not have the resources for treatment.  The court, however, did consider Appellant's relationship with his family and friends.  (Sentencing Tr. 8).  But the court then stated it struggled to reconcile this picture of Appellant with his extensive criminal record.  (Sentencing Tr. 8-9).

{¶24}  Given the above, we cannot find the evidence clearly and convincingly does not support the trial court's findings or the sentence is otherwise contrary to law.  *See Marcum*, 2016-Ohio-1002, ¶ 1.

{¶25}  Accordingly, Appellant's second assignment of error is without merit and is overruled.

{¶26}  Appellant's third assignment of error states:

BECAUSE THE TRIAL COURT DID NOT AFFORD APPELLANT HIS RIGHT OF ALLOCUTION TO RESPOND TO STATEMENTS MADE BY THE TRIAL COURT DURING SENTENCING, AS REQUIRED UNDER CRIM.R. 32(A)(1), THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW AND A VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶27}  In his final assignment of error, Appellant contends that the trial court did not afford him a chance to address it after speaking to him.  He acknowledges that the court initially permitted him to speak at sentencing.  But he contends he attempted to

speak later in the hearing and the court would not allow him to do so. Appellant points to the following exchange:

THE COURT: So asking for a chance at this point with this record - - if you behaved like this person, you would not be sitting at that table. You would not have a criminal record that goes on and on for page after page.

And it's not the same crime. There is a host of different crimes, felonies you have been convicted of.

THE DEFENDANT: Yes. And - - can I speak?

THE COURT: No. It's not a time to respond. You had a time to speak.

THE DEFENDANT: I know. I just wanted to tell you what it referred to. That's all.

THE COURT: Referred to what?

THE DEFENDANT: My criminal history. With drugs. Being on drugs. I mean it's not like - -

THE COURT: Then why did we get here today without you checking yourself into a residential program?

You stood up and you complained that nobody gave you the chance to go into treatment. When you were sent to prison all these times before, you said the sentence was either too long or too short to qualify for the programs.

You were released. Why not do it, yourself? If you were struggling now prior to this charge, why not do it yourself?

THE DEFENDANT: Well - -

THE COURT: We're done with discussions. That's where I'm at.

(Sentencing Tr. 9-11).

**{¶28}** Appellant contends the trial court's failure to allow him to speak at this point violated his right to allocution pursuant to Crim.R. 32(A)(1), rendering his sentence contrary to law.

**{¶29}** Pursuant to Crim.R. 32(A)(1), at the time of sentencing, the trial court shall: "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

**{¶30}** This Court has discussed what the right of allocution pursuant to Crim.R. 32(A)(1) entails:

> Before sentencing, trial courts must strictly adhere to Crim.R. 32, which guarantees the right to allocution. *State v. Jones*, 7th Dist. No. 02BE65, 2003-Ohio-3285. A Crim.R. 32 inquiry is "much more than an empty ritual; it represents a defendant's last opportunity to plead his case or express remorse." *Id.* citing *State v. Green*, 90 Ohio St.3d 352, 359-60, 738 N.E.2d 1208, 2000-Ohio-182. Before sentencing, trial judges must unambiguously address themselves to the defendant and should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing. *Green,* 90 Ohio St.3d at 359, 738 N.E.2d 1208, citing *Green v. U.S.* (1961), 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670.

*State v. Crable*, 2004-Ohio-6812, ¶ 19 (7th Dist.).

**{¶31}** Prior to the above exchange cited to by Appellant, the trial court listened to a statement by Appellant's counsel, read a letter submitted by Appellant's friend on his behalf, and asked Appellant if he wished to speak. (Sentencing Tr. 4-7). The court then invited Appellant to "speak freely." (Sentencing Tr. 7). Appellant took the opportunity to speak to the court on his own behalf. (Sentencing Tr. 7-8). He took responsibility for his criminal record, he explained the circumstances surrounding him having a weapon, he acknowledged a drug problem, he said he has never been offered treatment, and he asked for leniency from the court. (Sentencing Tr. 7-8). The court thanked Appellant for his statement. (Sentencing Tr. 8). It then went into a discussion of its findings, including

Appellant's criminal history. (Sentencing Tr. 9-10).

**{¶32}** Appellant claims the court should have given him an opportunity to address his criminal record after the court discussed it. Appellant relies on the following in support: "Thus, '[a] trial court can violate a defendant's right of allocution if it does not allow the defendant to respond after new information is introduced and considered by the court at the sentencing hearing.'" *State v. Brill*, 2023-Ohio-404, ¶ 15 (3d Dist.), quoting *State v. Fowler*, 2022-Ohio-3499, ¶ 17 (6th Dist.). Appellant claims that when the trial court discussed his criminal record, this was "new information" that the court introduced and considered, which would have required that the court provide him with a chance to respond.

**{¶33}** Appellant's citation to this proposition of law is misleading. In *Brill*, the Third District did not find the trial court had violated Brill's right of allocution. The appellate court noted that the "new" information put forth by the trial court was already in the record and was not actually "new." *Id.* at ¶ 18. And in *Fowler*, while the Sixth District did find the trial court violated Fowler's right of allocution, this was based on the trial court judge putting forth facts regarding what the judge's wife had noticed regarding the crime that were not part of the record. *Fowler*, at ¶ 17-18.

**{¶34}** In this case, Appellant's criminal history was not "new" information to Appellant. Appellant would be aware of his own criminal history. Moreover, at the beginning of the sentencing hearing, defense counsel stated that he had the opportunity to review the PSI with Appellant. (Sentencing Tr. 5). The PSI contains Appellant's criminal history. So Appellant was not faced with "new" information after the trial court provided him his right of allocution.

**{¶35}** Accordingly, Appellant's third assignment of error is without merit and is overruled.

**{¶36}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 24 BE 0035

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**