[Cite as *State v. Wise*, 2017-Ohio-7502.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 BE 0003 |
| V. | ) | |
| | ) | OPINION |
| DANNY LEE WISE, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 15 CR 263

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    No brief filed

For Defendant-Appellant    Attorney John Jurco
P.O. Box 783
St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: September 5, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Danny Lee Wise, appeals from a Belmont County Common Pleas Court judgment convicting him of inducing panic, following his guilty plea, and the sentence that followed.

{¶2} On November 4, 2015, during school hours, an unidentified male called the Bridgeport Elementary School and made a threat that there was a bomb in the building. The school was evacuated. No bomb was found. Police later arrested appellant for the crime.

{¶3} On December 3, 2015, a Belmont County Grand Jury indicted appellant on one count of inducing panic, a second-degree felony in violation of R.C. 2917.31(A)(1)(C)(5). When the public place involved in inducing panic is a school, the offense is a second-degree felony. Appellant initially entered a not guilty plea.

{¶4} Appellant later changed his plea to guilty to the crime charged. In exchange for his plea, plaintiff-appellee, the State of Ohio, agreed to recommend a less-than-maximum sentence. The trial court conducted a change-of-plea colloquy with appellant where it advised him of the rights he was giving up and advised him that it was not bound to follow any sentencing recommendations. Appellant indicated that he understood these things. The court accepted appellant's guilty plea, ordered a presentence investigation and a victim impact statement, and scheduled the matter for sentencing.

{¶5} Subsequently, the trial court held a sentencing hearing. The court sentenced appellant to a maximum sentence of eight years in prison. Appellant filed a timely notice of appeal on February 23, 2016.

{¶6} Appellant now raises a single assignment of error.

{¶7} Appellant's assignment of error states:

THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM SENTENCE.

{¶8} Appellant argues the trial court should not have sentenced him to the maximum sentence. He claims this sentence is contrary to law. First, he asserts his

offense was non-violent, no physical harm was caused, no weapons were involved, and there was no actual victim. Second, he points out that he pleaded guilty, thereby saving the county the expense of a trial. Third, appellant notes that both the prosecutor and defense counsel recommended a less-than-maximum sentence. Fourth, appellant points out that he expressed his remorse. Fifth, he contends that the mitigating factors outweigh any aggravating factors. Sixth, he asserts he did not commit the worst form of the offense. Finally, appellant asserts the trial court held against him the fact that he was charged with six prior charges of domestic violence and one charge of violation of a protective order, yet these charges were all dismissed.

{¶9} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶10} Appellant was convicted of a second-degree felony. The possible sentences for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Thus, appellant's eight-year sentence was within the statutory range.

{¶11} The trial court sentenced appellant to a maximum sentence for the second-degree felony. But although the General Assembly has reenacted the judicial fact-finding requirement for consecutive sentences, it has not revived the requirement for maximum sentences. *State v. Riley*, 7th Dist. No. 13 MA 180, 2015-Ohio-94, ¶ 34. Therefore, the trial court was not required to make any special findings before sentencing appellant to a maximum sentence.

{¶12} A court is not bound to accept the state's recommended sentence as part of a negotiated plea agreement. *State v. Dilling*, 7th Dist. No. 12-CO-17, 2013-Ohio-343, ¶ 30, citing *State v. Crable*, 7th Dist. No. 04-BE–17, 2004-Ohio-6812, ¶ 11. Therefore, a trial court does not err by imposing a greater sentence than that which

induced the defendant to plead guilty when the court cautions the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state. *Id.*

**{¶13}** In this case, at the change of plea hearing the court inquired of appellant if he understood what the maximum penalty could be and appellant stated that he did. (Plea Tr. 6). The court also asked appellant if he reviewed the plea agreement with counsel and if he understood all of the agreement's terms and appellant stated that he did. (Plea Tr. 7). The plea agreement form states that the maximum prison term is eight years. The plea agreement form also provides that appellant and the state agree that a less-than-maximum prison term is appropriate. Importantly, the form also provides: "I, however, understand that this is merely a recommendation to the Court and is not binding upon the Court; the Judge may therefore choose to accept, reject or modify this recommendation." Moreover, at the plea hearing the trial court asked appellant if he understood that any recommendation from the state and defense counsel as to sentencing was influential upon the court, but not binding upon the court. (Plea Tr. 8). Appellant stated that he understood. (Plea Tr. 8).

**{¶14}** Thus, the trial court did not err in imposing a greater sentence than was recommended.

**{¶15}** In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12(B)(C)(D)(E).

**{¶16}** At the sentencing hearing, and again in the judgment entry of sentence, the trial court stated that it reviewed R.C. 2929.11 and R.C. 2929.12, including the principles and purposes of sentencing and the various statutory factors. (Sentencing Tr. 7). The court also indicated both at the hearing and in the judgment entry that it considered the presentence investigation report. (Sentencing Tr. 7).

**{¶17}** At the sentencing hearing, the trial court gave a detailed explanation for its maximum sentence. The court cited appellant's extensive criminal history, which it stated included reckless operation, six counts of domestic violence, three counts of violation of a protection order, "boat docking requirements", three counts of theft, misuse of credit cards, attempted theft, failure to comply, felony theft, felony receiving stolen property, receiving stolen property, drug paraphernalia, two counts of driving under suspension, failure to reinstate, failure to control, assured clear distance, and delivery of a Schedule III substance. (Sentencing Tr. 10). The court stated that appellant has continued to commit crimes, including felonies, for over a decade. (Sentencing Tr. 10).

**{¶18}** The trial court also emphasized the harm appellant caused to the community. It noted that because of appellant's actions, responding to the school were eight Belmont County Sheriff's Deputies, the chief and an officer from the Bridgeport Police Department, a K-9 bomb unit from Wheeling, West Virginia, the Belmont County Emergency Management Agency, the Wolfhurst Fire Department, two fire engines, an ambulance, and a utility vehicle. (Sentencing Tr. 11-12). The court went on to describe how the parents of the school children and the community were terrified at the time. (Sentencing Tr. 12).

**{¶19}** In its judgment entry, the trial court found several aggravating factors to apply. Appellant has a history of criminal convictions including delivery of a Schedule III substance, failure to keep an assured clear distance, failure to control a vehicle, driving under suspension, failure to reinstate, drug paraphernalia, theft, receiving stolen property, failure to comply, attempted theft, "boat docking requirements", violation of protection order, and reckless operation. Appellant has not responded to previously imposed sanctions, appellant has an established pattern of criminal activity without good faith treatment or an effort to change his lifestyle. The population of Belmont County was endangered by appellant's conduct. And appellant has previously been incarcerated.

**{¶20}** Although the court did mention at the sentencing hearing six domestic

violence charges and one violation of a protection order charge that were dismissed, the court did not mention them in its judgment entry of sentence. Moreover, appellant still had an extensive criminal record, including felonies, without those charges. Thus, the fact that the court mentioned them at the sentencing hearing is not significant. The court was simply reciting what it had learned from the presentence investigation report.

{¶21} Given the above, there is no indication that the trial court's findings are unsupported or that appellant's sentence is otherwise contrary to law.

{¶22} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶23} For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, P.J., concurs.