[Cite as *State v. Yates*, 2023-Ohio-1019.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JASON W. YATES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 CO 0006

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2020 CR 022

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito Abruzzino,* Columbiana County Prosecutor and *Atty. Ryan P. Weikart*, Chief Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. Joseph W. Gardner*, Joseph W. Gardner Co., LPA, 1386 NE River Road, Lake Milton, Ohio 44429, for Defendant-Appellant.

Dated: March 24, 2023

**WAITE, J.**

{¶1} Appellant Jason W. Yates appeals a February 8, 2022 judgment entry of the Columbiana County Court of Common Pleas convicting him of multiple drug related offenses. Appellant challenges his sentence based on various comments made by the state at the sentencing hearing. For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} This appeal concerns a large-scale drug investigation. Because Appellant's charges resulted in a plea agreement, details surrounding the investigation are sparse. However, Appellant admittedly is a drug dealer who sells on a moderate level in an area spanning across multiple Ohio counties. This appeal stems from a drug investigation that resulted in the arrest and indictment of fourteen individuals, including Appellant. It appears that although Appellant is not considered a high-level dealer, he operates as somewhat of a ring leader for this group of individuals in Columbiana County.

{¶3} On January 9, 2020, Appellant and his thirteen codefendants were charged with thirty-five counts of drug related crimes by secret indictment. Appellant was indicted on the following charges: one count of aggravated trafficking in drugs, a felony of the fourth degree in violation of R.C. 2925.03(A)(1); one count of possession of cocaine, a felony of the fourth degree in violation of R.C. 2925.11(A) with a forfeiture specification involving $2,028 in accordance with R.C. 2941.1417(A); one count of possession of heroin, a felony of the fifth degree in violation of R.C. 2925.11(A) with a forfeiture specification involving $2,028 in accordance with R.C. 2941.1417(A); two counts of aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A)

with a forfeiture specification involving $2,028 in accordance with R.C. 2941.1417(A); and possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A) with a forfeiture specification involving $2,028 in accordance with R.C. 2941.1417(A).

{¶4} On February 9, 2021, Appellant pleaded guilty to all counts as charged in his indictment. There was no agreement on sentencing, but the state asserted that it would recommend an aggregate sentence of eighteen months of imprisonment. The court scheduled Appellant's sentencing hearing for April 22, 2021.

{¶5} On April 19, 2021, Appellant filed a motion to continue his sentencing hearing. Appellant apparently suffers from uncontrolled diabetes, which has caused various other health problems. In his motion for continuance, Appellant claimed that he was hospitalized in a "skilled nursing home" "for treatment of diabetic related open wounds." (4/19/21 Motion to Continue.) On April 20, 2021, the trial court granted the motion and continued the sentencing hearing to May 20, 2021. On May 14, 2021, Appellant filed a second motion to continue sentencing because he continued to suffer open wounds. A doctor's note attached to the motion stated that Appellant would likely need one to two months to fully recover. On May 18, 2021, the court granted the motion and continued the hearing until August 6, 2021. On August 4, 2021, Appellant filed a third motion to continue sentencing due to a MRSA infection. In the motion he specified that his condition would be reevaluated in ten days. The court granted the motion and continued the hearing beyond the ten days requested, setting it for August 27, 2021. On August 24, 2021, Appellant filed his fourth motion to continue sentencing, still based on the MRSA infection. Although the accompanying doctor's note did not specify any timeline for Appellant's recovery, in his motion he requested a continuance of four weeks.

The court granted the motion and continued the hearing until October 8, 2021, but on October 4, 2021, Appellant filed a fifth motion for continuance due to the MRSA infection. Appellant's motion was again granted and the hearing was set for November 29, 2021, but on that date Appellant filed a sixth motion to continue, alleging he was hospitalized. On November 30, 2021, the court granted the motion and continued the sentencing hearing until December 20, 2021.

{¶6} Appellant did not file seeking a subsequent continuance, but failed to appear at the December 20, 2021 hearing. The court issued a judgment entry on that date noting Appellant's failure to appear, and after weighing Appellant's health issues against his criminal record, which included a pending criminal case in Summit County, the court issued a bench warrant for Appellant's arrest.

{¶7} The Columbiana County prosecutor received a tip from the Mahoning County Prosecutor's Office that Appellant had been arrested in Mahoning County at a hotel, and Appellant was subsequently arrested on the bench warrant in this matter on January 21, 2022. Apparently, officers in Mahoning County located Appellant hiding underneath a bed in a hotel room. Officers found methamphetamine in the room, which Appellant initially said belonged to him, leading to his arrest. Appellant later changed his statement and claimed that the drugs were not his.

{¶8} Appellant appeared at a sentencing hearing in this matter on February 3, 2022. At its commencement, Appellant's appointed counsel informed the court that Appellant had actually retained an attorney from West Virginia. However, finding that this lawyer had not filed a notice of appearance, the court declined appointed counsel's oral motion for a continuance. During the hearing, the state mistakenly first recommended a

sentence of twenty-four months, but when reminded by defense counsel that the plea bargain called for a recommendation of eighteen months the state changed its recommendation to conform with the earlier agreement.

{¶9} Appellant expressed disappointment the court had issued a bench warrant because he thought the court was "on board" with allowing him to seek treatment before sentencing and he believed the court would allow him to completely regain his health before imposing a sentence. He claimed that he had been hospitalized throughout the entire period of continuance in this matter. The court responded by stating "[t]he medical issues that [Appellant] suffers from are unfortunate. But I do note that he was arrested January 21st, in a hotel room, not in a hospital, not in a nursing home, and drugs were recovered from that Holiday Inn room." (Sentencing Hrg. Tr., p. 22.) The court sentenced Appellant to an aggregate sentence of three and one-half years of incarceration. Appellant inquired as to whether he could "bond out" but was informed by the court that he could not. It is from this entry that Appellant timely appeals.

<u>ASSIGNMENT OF ERROR</u>

The Prosecution breached the felony plea agreement when the assistant prosecutor recommended that the Defendant-Appellant be sentenced to 24 months after the parties agreed to a 18 month sentence recommendation.

{¶10} Appellant does not now challenge the court's issuance of a bench warrant or its refusal to continue the matter after he failed to appear at his December 20, 2021 sentencing hearing. Instead, Appellant takes issue with the state's sentencing

recommendation. In response, the state argues that it simply made an error that was immediately corrected, causing no harm to Appellant.

{¶11} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> A sentence is considered to be clearly and convincingly contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence findings.

*State v. Pendland*, 7th Dist. Mahoning No. 19 MA 0088, 2021-Ohio-1313, ¶ 41; citing *State v. Collins*, 7th Dist. Noble No. 15 NO 0429, 2017-Ohio-1264, ¶ 9; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

{¶12} In addition, a court of appeals is limited in its review of a felony sentence. The Ohio Supreme Court has clarified an appellate court's review of felony sentences in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. The *Marcum* Court held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record

does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum, supra*, ¶ 22. The *Jones* Court did not specifically overrule *Marcum*, but clarified certain dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones, supra*, at ¶ 42.

**{¶13}** At the outset, we note that since there was no agreement on sentencing when Appellant agreed to plead guilty to these crimes, the trial court remained free to exercise its discretion in sentencing. While the state could recommend a specific term and Appellant was free to ask for a lesser prison sentence, ultimately the trial court retains discretion to sentence and is free to ignore the requests of both the state and the defendant in imposing a sentence. *State v. Wise*, 7th Dist. Belmont No. 16 BE 0003, 2017-Ohio-7502, ¶ 12. That said, in a plea agreement, when the state agrees to recommend a certain sentence to the sentencing judge, it is not free to simply make some other recommendation and must uphold its part of the bargain, barring some valid legal reason otherwise.

**{¶14}** Appellant believes that the state breached the plea agreement by stating that the recommended period of incarceration pursuant to the agreement was twenty-four months when the agreement called for a recommendation of only eighteen months. While Appellant is correct in that the state initially erred in describing its recommendation, the state did correct this mistake as soon as the issue was brought to the state's attention. For context, the entire exchange between the parties and the court is provided:

Case No. 22 CO 0006

[PROSECUTOR]:  So I would ask the Court [to] consider going higher than the 24-month recommendation based on [Appellant's] conduct.

* * *

[DEFENSE COUNSEL]:  * * * The plea agreement recommends an 18-month term of incarceration, not 24 as previously stated by Mr. Weikart.

* * *

[PROSECUTOR]:  Your Honor, I would say 18 months was it, I was looking off of a previous version.  As the Court's aware from what's in there, I didn't say that on purpose.

THE COURT:  Okay.  Thank you.  I'm looking at the felony plea agreement filed February 9th.  That's the one that was filed.  There may well be --

[DEFENSE COUNSEL]:  Your Honor, that's probably --

[PROSECUTOR]:  That's the filing date on it.

[DEFENSE COUNSEL]:  Yeah.

THE COURT:  All right.  Thank you.

(Sentencing Hrg. Tr., pp. 6, 13, 15.)

{¶15} It is clear from this passage that the prosecutor misspoke, but corrected himself when advised that his statement was incorrect.  The record reflects that the judge

was in possession of a copy of the plea agreement, and counsel for both sides agreed that this copy contained the correct eighteen-month recommendation. Because the minor error was corrected and the court acknowledged the correction, no further action on counsel's part was warranted.

{¶16} Appellant has raised additional issues related to this argument. In Appellant's brief he observes: "[i]t is interesting that a prosecutor would argue that he desires to incarcerate someone for more time than the law and the plea agreement allows." (Appellant's Brf., p. 4.) In this same vein, Appellant also claims the state argued to the trial court that his sentence should exceed the maximum allowed for felonies of the fourth and fifth degree.

{¶17} As to Appellant's suggestion that the state breached the plea agreement in its initial recommendation, we note that Appellant himself breached the agreement's requirement that he attend all court proceedings. Appellant failed to appear at his December 20, 2021 sentencing hearing and was not apprehended until a month later. As noted by the trial court, police arrested Appellant in Mahoning County at a hotel where there was evidence of drug activity on the part of Appellant, as police located him hiding underneath a bed in the room where illegal drugs were found. It appears that while Appellant was attempting to convince the court that he was too ill to be sentenced in this case, he was well enough to participate in drug activity at a hotel. In addition, Appellant has also been charged in a separate, unrelated drug arrest in Stark County that apparently occurred while Appellant awaited sentencing, here. Thus, as Appellant breached the terms of the plea agreement the state would not have necessarily been bound to abide by those terms.

**{¶18}** As to the inference that the state recommended a sentence of more time than allowed by law, this is disingenuous and a misrepresentation of the state's comment. At the sentencing hearing, the state commented that while Appellant's charges in this matter were not at the level of felony one or felony two, Appellant's conduct in this case was egregious:

> And though I don't think felony four and felony five penalties -- I don't think they can adequately cover the damage that [Appellant] has done in this community, but that's what we have, Judge, and that's a start. And I would ask that the Court impose a strict prison term on him and send the message that that's not going to happen.

(Sentencing Hrg. Tr., p. 12.)

**{¶19}** The state did not request that the court sentence Appellant to a longer sentence than lawfully allowed, but instead was arguing for the court to impose a "strict" sentence for the charged offenses because a lesser sentence would not sufficiently punish Appellant for his behavior. The state acknowledged that the court could not sentence Appellant for a higher degree felony but expressed frustration as to the impact Appellant's actions have had on the community. The record does not support Appellant's contentions otherwise.

**{¶20}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

Case No. 22 CO 0006

{¶21} Appellant challenges his sentence based on his allegation that various comments made by the state at the sentencing hearing caused prejudice. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, J., concurs.

D'Apolito, P.J., concurs.

[Cite as *State v. Yates*, 2023-Ohio-1019.]

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**