DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Clint E. Rowland, appeals his sentence from a disorderly conduct conviction in the Medina Municipal Court. We affirm.
 I {¶ 2} On November 20, 2006, the Medina Police filed a complaint in Medina Municipal Court charging Rowland with one count of threatening domestic violence, a misdemeanor of the fourth degree, in violation of R.C. 2919.25(C). Rowland pleaded "not guilty."
 {¶ 3} On June 19, 2007, pursuant to a plea agreement, the threatening domestic violence charge was amended to a disorderly conduct charge in violation of R.C. 2917.11, also a misdemeanor of the fourth degree. Rowland pleaded "no contest" to the amended charge.
 {¶ 4} On September 19, 2007, Rowland was sentenced to a jail term of thirty days, the maximum term for his offense. *Page 2 
 {¶ 5} Rowland timely appealed his sentence, raising one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ABUSED ITS DISCRETION UNDER O.R.C. § 2929.22 BY SENTENCING DEFENDANT-APPELLANT TO THE MAXIMUM JAIL TERM OF THIRTY (30) DAYS FOR A FOURTH-DEGREE MISDEMEANOR DISORDERLY CONDUCT OFFENSE TO WHICH HE HAD PLEADED `NO CONTEST', WHERE (1) IT WAS NOT THE WORST FORM OF THE OFFENSE, (2) IT WAS DEFENDANT-APPELLANT'S FIRST SUCH OFFENSE AND HIS RECORD OTHERWISE CONSISTED OF ONLY MINOR TRAFFIC OFFENSES, AND (3) DEFENDANT-APPELLANT VOLUNTARILY OBTAINED AN ALCOHOL ASSESSMENT AND UNDERWENT COUNSELING PRIOR TO THE SENTENCING HEARING."
 {¶ 6} In his sole assignment of error, Rowland contends that the trial court abused its discretion because it imposed the maximum sentence for his disorderly conduct offense without considering that his conduct was not the worst form of the offense, that his record otherwise consisted of only minor traffic violations, and that he voluntarily obtained an alcohol assessment and underwent counseling. Because Rowland did not preserve this issue for appeal, we decline to address the merits of his argument.
 {¶ 7} To preserve an alleged error for appeal, a party must timely object and state the specific grounds for the objection. State v.Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 24. A failure to do so results in a forfeiture of the objection and limits any claim of error on appeal to "plain errors or defects affecting substantial rights." State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 15-17, quoting Crim.R. 52(B). Yet, this Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in his brief. See State v. Hairston, 9th Dist. No. 05CA008768,2006-Ohio-4925, at ¶ 11, citing App.R. 16(A)(7). Rowland failed to object to his sentencing below and has not argued plain error on *Page 3 
appeal. Consequently, Rowland has failed to preserve his alleged error for appeal. Therefore, we decline to address his argument that the trial court abused its discretion by sentencing Rowland to the maximum jail term for his disorderly conduct conviction. Rowland's single assignment of error is overruled.
 III {¶ 8} Rowland's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 4 
Moore, P. J. concurs