[Cite as *State v. Wallace*, 2013-Ohio-2871.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  12 MA 180 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| RAYLEN W. WALLACE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:    Criminal Appeal from
Youngstown Municipal Court,
Case No. 11 TRD 00997.


JUDGMENT:                             Affirmed.


APPEARANCES:
For Plaintiff-Appellee:              Attorney Dana Lantz
City Prosecutor
Attorney Kathleen Thompson
Assistant Prosecutor
26 S. Phelps Street, 4th Floor
Youngstown, OH  44503

For Defendant-Appellant:         Attorney Matthew Giannini
1040 South Commons Place
Suite 200
Youngstown, OH  44514


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


Dated: June 20, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant, Raylen Wallace, appeals the decision of the Youngstown Municipal Court, sentencing him to 180 days incarceration following a probation violation hearing. Wallace argues that the trial court failed to afford him his right to allocution, and that the trial court's sentence was an abuse of discretion. Wallace's arguments are meritless. Wallace was afforded his right to allocution; the trial court addressed Wallace and allowed him the opportunity to speak on his own behalf before proceeding to sentencing. Further, the trial court's sentence was not an abuse of discretion; a community control sanction for his first driving under suspension conviction did not deter him from committing a second driving under suspension offense. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} Two separate convictions against Wallace are pertinent to this appeal. In July 2011, in Case No. 2011 TRD 997, Wallace pled no contest to a charge of driving under suspension (R.C. 4510.11(A)), a first-degree misdemeanor. The trial court found him guilty of this charge and sentenced him to one year of probation supervision and required that he obtain a valid license by the end of his probation period. About eight months later, on March 21, 2012, in Case No. 2011 TRD 3895, Wallace entered a no contest plea to another driving under suspension charge, which the trial court accepted. The trial court found him guilty and set the matter for sentencing. The court also advised Wallace to return with a driver's license and insurance.

{¶3} On August 24, 2012, the Youngstown Municipal Court Probation Department issued a notification of possible probation violation for Case No. 2011 TRD 997 for failure to report to probation and for the driving under suspension charge in Case No. 2011 TRD 3895.

{¶4} On August 30, 2012, Wallace came before the court for a probation violation hearing, as well as sentencing for the subsequent driving under suspension charge and a preliminary hearing for another offense, a felony drug possession. Following the hearing, the trial court issued a judgment entry for Case No. 2011 TRD 997 stating that Wallace stipulated to the probation violation. The court found that Wallace violated the terms of

his probation, imposed a sentence of 180 days incarceration, and terminated his probation.

### Right to Allocution

{¶5} In Wallace's first assignment of error, he argues:

{¶6} "A misdemeanor sentence, although within the statutorily allowed sentencing range and otherwise consistent with misdemeanor sentencing, must nonetheless be reversed for re-sentencing when no right of allocution is afforded the defendant."

{¶7} Wallace argues that the trial court did not afford him his right to allocution before imposing sentence in violation of Crim.R. 32(A)(1).

{¶8} The common law right to allocution, codified in Crim.R. 32(A)(1), requires the following: "At the time of imposing sentence, the court shall do all of the following: * * * Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The rule imposes an affirmative duty on the trial court, with which the trial court must strictly comply. *State v. Campbell*, 90 Ohio St.3d 320, 324, 2000-Ohio-183, 738 N .E.2d 1178. A defendant has an absolute right to allocution, which is not subject to waiver due to the defendant's failure to object, *Campbell* at 325-326, and applies to both felony and misdemeanor convictions. *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (3d Dist. 1990). "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." *Id.*

{¶9} Wallace alleges that the trial court did not give him the opportunity to say anything of substance on his own behalf or to make mitigating statements or express remorse prior to imposing sentence. He acknowledges that he entered into a conversation with the court, but characterizes this conversation as "a sporadic exchange of views with the Defendant, incidental to its discourse with his counsel in determining only whether an abeyance [of the sentence] was appropriate."

**{¶10}** Prior to imposing sentence, defense counsel informed the trial court that Wallace had completed all the requirements for his prior driving under suspension charge except obtaining a valid license because of a judgment suspension that Wallace could not afford to pay. In addition, defense counsel told the court that Wallace had become a father since that prior conviction. Then the following exchange occurred:

THE COURT: That's unfortunate that he has this coming back to haunt him. But had he done what he was supposed to do when he was supposed to be doing it he wouldn't be standing here today but you don't do that for whatever reason. You were supposed to report for probation, you didn't. You were supposed to stay out of trouble, you didn't. So it seems like you are your own worst enemy. Anything you want to say about these matters, sir?

MR WALLACE: The reason I didn't come see my P.O. I had other cases and I wanted to save the money up and get bonded out.

**{¶11}** This exchange demonstrates the trial court properly afforded Wallace his right to allocution; it discussed Wallace's probation violations and then asked him whether he had anything he wanted to say about those matters. Contrary to Wallace's arguments, the trial court was giving him an opportunity to speak on his own behalf before sentencing, and he had the opportunity to express remorse or make mitigating statements relating to his case. While the trial court did not use the exact language of Crim.R. 32(A)(1), a trial court complies with the rule when it gives the defendant the opportunity to make a statement even if it does not use the precise language in the rule. *See State v. Crable,* 7th Dist. No. 04 BE 17, 2004-Ohio-6812, ¶20.

**{¶12}** Therefore, the trial court complied with Crim.R. 32(A)(1) and correctly afforded Wallace his right to allocution. Accordingly, this assignment of error is meritless.

### Misdemeanor Sentence Review

**{¶13}** In his second assignment of error, Wallace argues:

**{¶14}** "The trial court abused its discretion in sentencing the defendant to 180

days for a probation violation."

**{¶15}** Misdemeanor sentences are reviewed for an abuse of discretion. *State v. Reynolds*, 7th Dist. No. 08-JE-9, 2009-Ohio-935, ¶9. The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough. See, *Bergman v. Bergman,* 2d Dist. No. 25378, 2013-Ohio-715, ¶9; *Hall-Davis v. Honeywell, Inc.,* 2d Dist. Nos.2008 CA1, 2008 CA 2, 2009-Ohio-531, ¶35. A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *Crable, supra*, at ¶24. R.C. 2929.22(A) instructs the trial court to use its discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in R.C. 2929.21, without placing an unnecessary burden on local government resources. R.C. 2929.22(B) sets forth specific factors for the trial court to consider before imposing a sentence, including the nature and circumstances of the offense, the offender's history of criminal conduct, the victim's circumstances, and the likelihood that the offender will commit future crimes.

**{¶16}** However, the trial court is not required to state on the record its consideration of sentencing factors when determining a misdemeanor sentence. *Crable* at ¶24. When a misdemeanor sentence is within the statutory range, "a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing to the contrary." *Reynolds* at ¶21, citing *Crable* at ¶24. A silent record creates a rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. Best,* 7th Dist. No. 08 MA 260, 2009-Ohio-6806, ¶14.

**{¶17}** Here, the trial court terminated Wallace's probation and sentenced him to 180 days incarceration. When a defendant violates community control sanctions, the trial court may impose a jail term for which "the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed." R.C. 2929.25(D)(3). Wallace was originally convicted of driving under suspension, a first-degree misdemeanor which carries a maximum sentence of 180

days. R.C. 2929.24(A)(1). Thus, Wallace's sentence was within the statutory range.

{¶18} Wallace argues that a review of the transcript does not show that the trial court considered the factors and principles of R.C. 2929.22 and R.C. 2929.21. He claims that the trial court summarily dismissed any consideration of house arrest or community control as an appropriate sentence. But as discussed above, the trial court was not required to state its consideration of the sentencing factors on the record. *Crable* at ¶24. Moreover, the trial court's sentence was not unreasonable or arbitrary. While Wallace believes the trial court should have imposed an alternative to incarceration, his placement under community control sanctions for his first driving under suspension conviction had not deterred him from committing a second driving under suspension offense during his probation period. The trial court considered this factor during the hearing and also considered his failure to report to probation. Therefore, the trial court's decision to impose a 180 day sentence was not an abuse of discretion. Accordingly, Wallace's second assignment of error is meritless.

{¶19} In sum, both of Wallace's arguments are meritless. Wallace was afforded his right to allocution; the trial court addressed Wallace and allowed him the opportunity to speak on his own behalf before proceeding to sentencing. Further, the trial court's sentence was not an abuse of discretion; a community control sanction for his first driving under suspension conviction did not deter him from committing a second driving under suspension offense. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.