[Cite as *State v. Hole*, 2024-Ohio-1811.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
CARROLL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERNEST J. HOLE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CA 0968**

---

Criminal Appeal from the
Carroll County Municipal Court of Carroll County, Ohio
Case No. CRB 2200340B

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Steven D. Barnett,* Carroll County Prosecutor and *Atty. Adam E. Lumley,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Jacob T. Will,* for Defendant-Appellant.

Dated: May 9, 2024

---

**DICKEY, J.**

{¶1} Appellant, Ernest J. Hole, appeals his sentence for one count of Selling/Furnishing Alcohol to an Underage Person in violation of R.C. 4301.69(A), an unclassified misdemeanor, following a bench trial in the Municipal Court of Carroll County. Appellant was sentenced to a 180-day jail term, with 90 days suspended, four years of intense reporting probation, and a $500 fine. R.C. 4301.99(I) reads in relevant part, "[w]hoever violates division (A) of section 4301.69 * * * of the Revised Code is guilty of a misdemeanor, shall be fined not less than five hundred and not more than one thousand dollars, and, in addition to the fine, may be imprisoned for a definite term of not more than six months."

{¶2} Appellant was also charged with one count of sexual imposition in violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree. He was acquitted of that charge due to the statutory requirement that a conviction for sexual imposition cannot be predicated solely upon the victim's testimony. R.C. 2907.06(B).

{¶3} In his sole assignment of error, Appellant alleges the municipal court abused its discretion in imposing a jail term. For the following reasons, Appellant's sentence is affirmed.

## THE SENTENCING HEARING

{¶4} At the sentencing hearing, the state requested the imposition of a jail sentence based on the trial testimony of the victim. The transcript of the sentencing hearing is included in the record, however, the transcript of the bench trial is not. Further, as Appellant was a scout leader and Minerva had their first female chapter for Eagle Scouts, the state asked the municipal court to impose five years of probation to prevent Appellant from participating in the scouting program.

{¶5} The victim also asked the municipal court to impose a jail sentence:

I think [it is] best for the community. [I am] scared of what will happen to other kids like me. [I am] blessed to have had a family and a support system

who has helped me through this. But I know [I am] not the only person, I know that I [do not] have, other people [do not] have those luxuries that I do. So [I am] scared that if he [is not] given the full sentence that he deserves, that this will happen again. He did not hesitate the first opportunity he got and I know in my heart it will happen again, if he is not made an example today. So, for the safety of other people my age, for the safety of children, I ask that you please consider to punish him with the full extent of the law.

(5/31/23 Sent. Hrg., p. 6.)

{¶6}  Defense counsel argued the municipal court should not impose a jail sentence insofar as Appellant had no criminal record, had been a scout leader for twenty years, and a softball coach for over seven years. At the time, Appellant was forty years of age, a married father of two children, and his family's sole financial support.

{¶7}  In imposing the 180-day jail term,  the municipal court observed:

[T]he fact that there was a not guilty on the sexual battery charge, was based primarily on the fact of the way that statute[ ] [is] written. [There is] a section to it that simply says there has to be some other evidence not just solely relying on the alleged victim statement. [That is] fine. And I found you not guilty. But I did find you guilty of furnishing to individuals under the age of twenty-one. And quite frankly, the description of everything from everybody that went on and . . . whether it was filter or not from whatever side, leaves me to believe that this is not an isolated instance with alcohol with minors. But [I am] just going to base my decision on what evidence I had to find you guilty. Your contact . . . at best is revolting. To put young women in a position of giving them alcohol or young men, [it is] academic, I suppose. But . . . [there is] no reason for it.  [There is] no place for it. [It is] just that simple. So, quite frankly your conduct, and [I am] just basing it on what I found you guilty, offends me. So, I understand the State's position

wanting jail. I understand the, I understand [the victim's] position that, that she would like jail. I also understand your attorney's position of not having any priors but . . . this type of conduct just [cannot] be tolerated. So, the fine is going to be five hundred dollars. In addition to that, the sentence is going to be ninety days in the county jail. Ninety days are suspended for the total of six months. [That is] on the condition of good behavior for a period of four years. [You will] report to probation during the time period of the four years and [it will] be intensive probation to begin with. So, [I have] got you with six months. Ninety days are suspended, ninety days are supposed to be served. The fine is five hundred. You can work that out with probation. [A]nd quite frankly, sir, I just think you need to stay away from under aged individuals. I [cannot] put that on there but that would be my advice to you.

(*Id.*, p. 7-9.)

{¶8} Following the imposition of sentence, Appellant filed a motion to reconsider or modify the sentence. A hearing was held on the motion and it was overruled. The municipal court granted Appellant's motion to stay the sentence pending appeal. This timely appeal followed.

## LAW

{¶9} "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). These purposes are achieved by considering "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.* The sentence "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

**{¶10}** A court imposing a misdemeanor sentence "has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A) (without creating an unnecessary burden on local government resources). In imposing a misdemeanor sentence, the court shall consider all of the following factors: (a) the nature and circumstances of the offense; (b) any circumstances surrounding the offender and the offense indicating a history of persistent criminal activity and substantial risk of recidivism; (c) any circumstances indicating the offender's history, character, and condition show a substantial risk of danger to others and conduct characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to consequences; (d) any victim characteristics influencing vulnerability or impacting the seriousness of the offense; (e) the general likelihood of recidivism; (f) any conditions traceable to military service contributing to the offense; and (g) any military service record. R.C. 2929.22(B)(1). The court may also consider other factors relevant to sentencing. R.C. 2929.22(B)(2). Prior to imposing a jail term, the sentencing court must first consider the appropriateness of imposing a community control sanction. R.C. 2929.22(C).

**{¶11}** A misdemeanor sentence is reviewed for an abuse of discretion. *State v. Nuby*, 7th Dist. Mahoning No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Reynolds*, 7th Dist. Jefferson No. 08-JE-9, 2009-Ohio-935, ¶ 9. *See also* R.C. 2929.22(A) (providing the sentencing court with discretion to determine the most effective way to achieve the purposes and principles of sentencing). An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶12}** A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, 2004 WL 2913280, ¶ 24. Nevertheless, a court sentencing for a misdemeanor is not required to state on the record its consideration of

Case No. 23 CA 0968

the sentencing factors. *State v. Wallace*, 7th Dist. Mahoning No. 12 MA 180, 2013-Ohio-2871, ¶ 16, 18; *Crable*, *supra*, at ¶ 24.

**{¶13}** A reviewing court must presume the trial judge made the required considerations absent an affirmative showing to the contrary. *State v. Best*, 7th Dist. Mahoning No. 08 MA 260, 2009-Ohio-6806, ¶ 14; *Crable*, *supra*, at ¶ 24. In other words, a silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria. *Wallace*, *supra*, at ¶ 16; *Best*, *supra,* at ¶ 14; *Crable*, *supra*, at ¶ 24–25.

**{¶14}** Appellant bears the burden of proof with respect to the trial court's alleged failure to consider the statutory factors. *State v. Burley*, 2017-Ohio-378, 83 N.E.3d 322, ¶ 16(7th Dist.)*.* "[I]n some cases the defendant may be able to utilize the court's statements at sentencing to rebut the presumption that the court considered the sentencing factors." *Nuby*, *supra*, at ¶ 16. The argument that the court disregarded the sentencing factors can be overruled if "[t]here is nothing in the transcript of the sentencing hearing or the sentencing entry that affirmatively shows that the trial court did not consider the appropriate factors in R.C. 2929.22." *Burley*, *supra*, at ¶ 17.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN SENTENCING [APPELLANT] TO A NINETY-DAY JAIL TERM.**

**{¶15}** Appellant contends the municipal court abused its discretion in imposing a jail sentence. He argues that "[t]he nature of the offense at bar is furnishing alcohol to minors, but nothing about that type of conduct necessitates a jail sentence." (Appellant's Brf., p. 5.) Appellant cites his lack of criminal history and his lack of a history, character, or condition that reveals a substantial risk of reoffending. Appellant argues "[e]verything about [his] background and history * * * shows that he is an acceptable and highly appropriate candidate for community control." (*Id.* at p. 6.) Appellant contends the jail sentence "did not follow from a discussion of the sentencing criteria, but rather from the

statement of the victim of the selling/furnishing alcohol charge and the statements of the state of Ohio." (*Id.*)

**{¶16}** At the sentencing hearing, the municipal court warranted the sentence was predicated exclusively upon the convicted crime. To the extent Appellant argues the sentence was based on the charge for which he was acquitted, it is settled law that a sentencing judge can take into account facts relating to other charges, even charges that have been dismissed or which resulted in an acquittal. *State v. Esmail*, 7th Dist. Columbiana No. 13 CO 35, 2014-Ohio-2297, ¶ 11, citing *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), and *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991).

**{¶17}** Further, Appellant's conclusion that furnishing alcohol to minors is not the type of conduct that necessitates a jail sentence ignores the nature of the crime. Furnishing alcohol to a minor by definition involves a vulnerable victim, who is likely incapable of recognizing the consequences of alcohol consumption. Dangerous and irreversible consequences may follow. The concern regarding Appellant's choice of victim is compounded by Appellant's history of assuming roles of authority over children and adolescents. While the details of the crime are not before us, the charge for which Appellant was acquitted demonstrates he provided alcohol to the victim with the intent of facilitating additional and more egregious criminal conduct.

**{¶18}** Based on the foregoing analysis, we conclude Appellant's sole assignment of error has no merit. We find the municipal court did not abuse its discretion in imposing a 180-day jail term, with 90 days suspended, and the sentencing entry of the municipal court is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 23 CA 0968

[Cite as *State v. Hole*, 2024-Ohio-1811.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Carroll County Municipal Court of Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**