[Cite as *State v. Levesque*, 2025-Ohio-2834.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RAKIA D. LEVESQUE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0025**

---

Criminal Appeal from the
Mahoning County Court No. 5 of Mahoning County, Ohio
Case No. 2024 CR B 00198 CNF

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*, Atty. Ralph M. Rivera* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee and

*Atty. Martin E. Yavorcik*, for Defendant-Appellant.

Dated: August 11, 2025

**DICKEY, J.**

**{¶1}** Appellant, Rakia D. Levesque, appeals from the February 18, 2025 judgment of the Mahoning County Court No. 5 sentencing her to serve 30 days in jail for a community control violation. Appellant takes issue with her sentence which was stayed pending this appeal. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On June 18, 2024, Appellant posted a compromising video of L.H. ("the victim") on X (formerly Twitter). In the video, the victim is depicted dancing in the nude with a string hanging from her vaginal area. As a result of her conduct, on July 18, 2024, Appellant was charged with one count of telecommunications harassment, a misdemeanor of the first degree in violation of R.C. 2917.21(B)(2). Five days later, Appellant pled not guilty and waived her right to a speedy trial.

**{¶3}** On October 8, 2024, Appellant was represented by counsel and entered into a Crim.R. 11 agreement with Appellee, the State of Ohio. Appellant pled guilty to the telecommunications harassment charge, waived her nonconstitutional and constitutional rights, and was sentenced to the following jointly recommended sentence: 180 days in jail, with 180 days suspended; 24 months of reporting community control; a $100 fine; and court costs. As a condition of her community control, the trial court prohibited Appellant from having any contact with the victim. Specifically, Appellant was ordered to "[r]efrain from having any verbal, physical, written, direct or indirect contact with [the victim] [and] shall further refrain from conveying any messages through third parties with the [victim]." (Exhibit 2). Appellant was also required to complete a mental health assessment and comply with any treatment recommendations. Appellant did not object to the imposition of any part of the no contact order.

**{¶4}** On January 3, 2025, Appellant appeared in court and was served with a community control violation notice. The trial court informed Appellant of the substance of the violation, specifically that she violated the terms of the no contact order. The court also informed Appellant of the possible penalty it could impose if she were found guilty. Appellant pled not guilty. The court set a recognizance bond and scheduled a community control violation hearing on January 14, 2025.

Case No. 25 MA 0025

{¶5} At the consolidated preliminary and evidentiary hearing on the community control violation, the State presented testimony from two witnesses: (1) the victim; and (2) probation officer Beth Dunkle. The victim testified that after Appellant pled guilty to the underlying charge, she felt further harassed by Appellant's additional social media posts. The victim sent screenshots of the posts to Dunkle via email on various occasions. The victim further testified that these social media posts were posted after October 8, 2024, the date that the trial court's no contact order was imposed. The victim is objectively older than Appellant. The victim is also of African American descent. The victim believed that Appellant's X page was open to the public and not private. The victim further indicated that she and Appellant had numerous mutual acquaintances, including but not limited to the victim's ex-boyfriend and current boyfriend. The victim finally testified she was made aware of Appellant's social media posts by these mutual acquaintances on numerous occasions.

{¶6} Dunkle testified that she printed the screenshots and handwrote the date she received the victim's corresponding emails on the printouts. Dunkle determined the social media posts were in violation of the no contact order. Appellant made the posts between October 17, 2024 and January 2, 2025.

{¶7} The social media posts admitted into evidence (State's Exhibits 1-5) include:

> "When you speak falsely on my name just know that your family, kids, and whatever else is subject to WHATEVER SMOKE I WANT! [smoke emoji]. #RESPECTFULLY" "I'm sorry but anyone that records themselves with a tampon string hanging out of their ssa [sic] and have the audacity to send it to multiple ppl will never make me mad! NEVER [pinching hand emoji and various face emojis]. BECAUSE HOW or WHY? #randomthoughts" "I'm C[racking] T[he] F U[p] why everybody think that bum going to court for me [emoji]." "[B]*itch got a protection order and restraining order on me. Even the judge was confused [emojis] #OldAssBUM." . . . "Let's be clear I've NEVER been a police ssa [sic] character. So when you see me in court initially it's usually because a BUM

can't take the heat they thought they were giving out!!! NOW LET'S PLAY!! [emojis] and I come with ALL TRUTH & EVIDENCE."

(1/24/2025 Judgment Entry, p. 3-4).

**{¶8}** The defense cross-examined the State's witnesses but elected not to call any additional witnesses or introduce any evidence. Appellant did not object to the State's introduction of Exhibits 1-5.

**{¶9}** The trial court first found that Appellant did not object to a consolidated preliminary and evidentiary hearing and, in fact, agreed to proceed with the full hearing. The court found Appellant was not prejudiced by the combined hearing. The court further found Appellant violated the terms of the no contact order by: (1) having indirect and third-party contact with the victim via social media; (2) purposefully using social media to harass the victim; and (3) abusing the victim via social media. Because Appellant failed to comply with the terms of the no contact order, the court found she violated her community control.

**{¶10}** A sentencing hearing was held on February 18, 2025. The victim and her counsel were afforded the opportunity to speak. A representative from the probation department filled in for Dunkle. The representative testified that Appellant violated her community control by failing to comply with the no contact order and recommended she serve 30 days in jail. The representative notified the court that Appellant did not obtain a mental health assessment until January 2025, despite being placed on community control in October 2024. Regarding Appellant's apparent failure to timely obtain a mental health assessment, the trial court acknowledged that Appellant was not arraigned on the mental health assessment issue and refused to consider this information in determining Appellant's sentence. Appellant and her counsel presented mitigation testimony and argument including that Appellant completed psychological and psychiatric evaluations and was compliant with her treatment plans. Upon consideration, the court imposed a 30-day jail sentence upon Appellant.

**{¶11}** Appellant filed a timely appeal and the trial court stayed her sentence pending this appeal. Appellant raises a single assignment of error for our review.

Case No. 25 MA 0025

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY CONSIDERING UNCHARGED PROBATION VIOLATIONS AND IRRELEVANT CONDUCT DURING SENTENCING, THEREBY DEPRIVING APPELLANT OF DUE PROCESS AND RESULTING IN AN ABUSE OF DISCRETION.**

{¶12} "A misdemeanor sentence is reviewed for an abuse of discretion." *State v. Hole*, 2024-Ohio-1811, ¶ 11 (7th Dist.), citing *State v. Nuby*, 2016-Ohio-8157, ¶ 10 (7th Dist.), citing *State v. Reynolds*, 2009-Ohio-935, ¶ 9 (7th Dist.). An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

"The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). . . .

A court imposing a misdemeanor sentence "has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A) (without creating an unnecessary burden on local government resources). In imposing a misdemeanor sentence, the court shall consider all of the following factors: (a) the nature and circumstances of the offense; (b) any circumstances surrounding the offender and the offense indicating a history of persistent criminal activity and substantial risk of recidivism; (c) any circumstances indicating the offender's history, character, and condition show a substantial risk of danger to others and conduct characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to consequences; (d) any victim characteristics influencing vulnerability or impacting the seriousness of the offense; (e) the general likelihood of recidivism; (f) any conditions traceable to military service contributing to the offense; and (g) any military service record. R.C.

2929.22(B)(1). The court may also consider other factors relevant to sentencing. R.C. 2929.22(B)(2). . . .

. . .

A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, 2004 WL 2913280, ¶ 24. Nevertheless, a court sentencing for a misdemeanor is not required to state on the record its consideration of the sentencing factors. *State v. Wallace*, 7th Dist. Mahoning No. 12 MA 180, 2013-Ohio-2871, ¶ 16, 18; *Crable*, *supra*, at ¶ 24.

A reviewing court must presume the trial judge made the required considerations absent an affirmative showing to the contrary. *State v. Best*, 7th Dist. Mahoning No. 08 MA 260, 2009-Ohio-6806, ¶ 14; *Crable*, *supra*, at ¶ 24. In other words, a silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria. *Wallace*, *supra*, at ¶ 16; *Best*, *supra,* at ¶ 14; *Crable*, *supra*, at ¶ 24–25.

*Hole*, 2024-Ohio-1811, at ¶ 9-10, 12-13 (7th Dist.).

{¶13} Appellant believes her due process rights were violated because, at the sentencing hearing, the probation representative testified that she failed to timely obtain a mental health assessment, which was not part of the community control violation.

In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a community control violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and

detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation."

(Citations omitted) *State v. Backus*, 2023-Ohio-3222, ¶ 23 (5th Dist.).

**{¶14}** Appellant did not object to the notice of the community control violation provided by the trial court at the initial hearing or at the community control revocation hearing. Appellant also did not object to the probation representative's testimony regarding the untimeliness of her mental health assessment at the sentencing hearing.

**{¶15}** Generally, a defendant's failure to raise an objection to a due process violation with respect to a community control violation waives all but plain error. *State v. Campbell*, 2023-Ohio-2815, ¶ 15 (12th Dist.).

A three-part test is employed to determine whether plain error exists. *State v. Billman*, 7th Dist. Monroe Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 25, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

First, there must be an error, i.e. a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights."

*Billman* at ¶ 25. In order to demonstrate that a defendant's substantial rights have been affected he must show that, but for the error, the trial outcome would have been different. *State v. Issa*, 93 Ohio St.3d 49, 56, 752 N.E.2d 904 (2001).

Plain error "is a wholly discretionary doctrine whereby the appellate court may, but need not, take notice of errors which are obvious and which affect substantial rights that are outcome determinative. . . . This elective tool is to be used with the utmost of care by the appellate court in only the most exceptional circumstances where it is necessary to avoid a manifest miscarriage of justice." (Internal citations omitted.) *State v. Jones*, 7th Dist. No. 06 MA 109, 2008-Ohio-1541, ¶ 65.

*State v. Williamson*, 2021-Ohio-3328, ¶ 37-38 (7th Dist.).

**{¶16}** The probation representative requested that the trial court consider the length of time it took Appellant to complete a mental health assessment for purposes of sentencing. However, Appellant's assertion that the court considered this information in determining her sentence is incorrect. Rather, the record reveals the court indicated it would not consider the untimely mental health assessment as a factor in determining Appellant's sentence for the community control violation. Specifically, the court stated:

> THE COURT: Okay. So I'm looking at the actual probation violation arraignment paperwork. And it looks like the only thing that is marked by the court - - I will take responsibility for this - - is fines, costs and fees, and the violation of the no-contact order, with 180 days in jail time suspended. I don't know that we technically advised her that she was in violation of that.
>
> And I think I am mixing cases. Who was it that was just here that stipulated to a - - anyways, it doesn't matter.
>
> Okay. So I appreciate that, knowing that Sidney. But she wasn't arraigned on it. So I'm not going to - - *I'm not going to factor that in with respect - - with respect to sentencing*.

(Emphasis added) (2/18/2025 Sentencing Tr., p. 6-7).

**{¶17}** In addition, as stated, Appellant and her counsel presented mitigation testimony and argument including that Appellant completed psychological and psychiatric evaluations and was compliant with her treatment plans.

**{¶18}** Upon consideration, because Appellant failed to comply with the terms of the no contact order, as evidenced by State's Exhibits 1-5 as well as the testimony and arguments presented, the trial court properly found Appellant violated her community control and imposed a 30-day jail sentence. *See* R.C. 2929.25(D)(2)(c), "Misdemeanor community control sanctions": ("[I]f an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator . . . [a] combination of community control sanctions, including a jail term.")

**{¶19}** Contrary to Appellant's assertion, the record does not establish that the trial court's decision was improperly influenced by irrelevant or prejudicial testimony about other alleged conduct. Also, the court did not consider an uncharged community control violation in sentencing Appellant. In fact, the court indicated on the record that it would not consider the untimely mental health assessment as a factor in determining Appellant's sentence. There was no due process violation in this case.

**{¶20}** Accordingly, the trial court complied with the R.C. 2929.21 and 2929.22 statutory mandates and did not commit plain error or abuse its discretion in imposing a 30-day jail sentence upon Appellant for violating her community control.

## CONCLUSION

**{¶21}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The February 18, 2025 judgment of the Mahoning County Court No. 5 sentencing Appellant to serve 30 days in jail for a community control violation is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 25 MA 0025

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Mahoning County Court No. 5 of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**