[Cite as *State v. McCleary*, 2025-Ohio-5213.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JACOB McCLEARY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0028**

---

Criminal Appeal from the
Mahoning County Court No. 4 of Mahoning County, Ohio
Case No. 2023 CR B 00227 AUS

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*, Atty. Ralph M. Rivera* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee and

*Atty. Donald K. Pond*, for Defendant-Appellant.

Dated: November 13, 2025

**DICKEY, J.**

**{¶1}** Appellant, Jacob McCleary, appeals from the March 5, 2025 judgment of the Mahoning County Court No. 4 sentencing him to 30 days in jail for a community control violation. Appellant takes issue with his sentence which was stayed by the trial court pending appeal. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** Appellant and M.M. ("the victim") were in a relationship. The couple had a toxic past which included a history of Appellant making physical threats against the victim. The victim wanted the relationship to end and told this to Appellant. Appellant's emotions ran high causing him to be aggressive. Appellant threatened to kill the victim as well as himself.

**{¶3}** On April 14, 2023, Appellant was charged with one count of domestic violence, a misdemeanor of the fourth degree, in violation of R.C. 2919.25(C). Appellant pled not guilty and waived his right to a speedy trial. The trial court imposed a bond and a no contact order precluding Appellant from having contact with the victim.

**{¶4}** On July 3, 2023, Appellant entered a guilty plea to an amended charge of disorderly conduct in violation of R.C. 2917.11. The trial court sentenced Appellant to 30 days in jail, 30 days suspended, and placed him on 12 months of reporting community control. Appellant was to maintain good behavior and was precluded from having contact with the victim. Appellant was also required to complete a mental health evaluation and comply with all treatment recommendations.

**{¶5}** While on community control, Appellant did not maintain good behavior. Appellant was charged and convicted of menacing by stalking, criminal trespass, and aggravated trespass in Trumbull County. As a result, on April 29, 2024, Appellant was charged with a community control violation and a bench warrant was issued. Appellant entered a not guilty plea. The trial court recalled the bench warrant and set the matter for an August 5, 2024 hearing. Appellant requested court appointed counsel which was granted by the trial court.

{¶6} A community control violation hearing was held on October 21, 2024. The trial court ordered Appellant to "commence and fully engage in mental health counseling" and continued the hearing. (10/21/2024 Community Control Violation Hearing Tr., p. 5).

{¶7} At a hearing held on March 5, 2025, Appellant stipulated to the community control violation. Appellant argued that the trial court should continue his community control and provide him with the opportunity to engage in mental health treatment rather than imposing the suspended jail sentence. In response, Appellee, the State of Ohio, provided testimony from the probation officer, Ms. Meek (whose first name was not provided), regarding Appellant's compliance with the terms of his community control.

{¶8} Pursuant to documentation from On Demand Counseling, Meek testified Appellant had not attended counseling sessions since September 30, 2024, missed appointments, and received a seven-day notification letter of termination. Meek stated the community control violation was based on Appellant receiving multiple criminal charges in Trumbull County while on community control. Meek recommended the trial court sentence Appellant to 30 days in jail and terminate his community control.

{¶9} Following the hearing, the trial court found Appellant to be in violation of his community control and sentenced him to the following:

> To serve 30 days in jail commencing 3/8/25, consecutive to the term the defendant is currently serving for Trumbull County Central District Court from a community control violation, in which the defendant was given a 60 day jail term.
>
> The defendant was charged and convicted of menacing by stalking, criminal trespassing and aggravated trespassing on 5/6/2024 while on community control in Trumbull County.
>
> The defendant also failed to comply with this court's order to obtain mental health counseling.
>
> The defendant will have served the balance of the suspended jail term in this matter; therefore, community control shall be terminated.

(3/5/2025 Judgment Entry).

Case No. 25 MA 0028

{¶10} Appellant filed a timely appeal and the trial court stayed his sentence pending appeal. Appellant raises a single assignment of error for our review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY IMPOSING A JAIL SENTENCE UPON APPELLANT, CONTRARY TO THE STATUTORY PROVISIONS FOR MISDEMEANOR SENTENCING.**

{¶11} In his sole assignment of error, Appellant argues the trial court erred in imposing a 30-day jail sentence for violating his community control contrary to the statutory provisions for misdemeanor sentencing.

{¶12} "A misdemeanor sentence is reviewed for an abuse of discretion." *State v. Hole*, 2024-Ohio-1811, ¶ 11 (7th Dist.), citing *State v. Nuby*, 2016-Ohio-8157, ¶ 10 (7th Dist.), citing *State v. Reynolds*, 2009-Ohio-935, ¶ 9 (7th Dist.). An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

"The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). . . .

A court imposing a misdemeanor sentence "has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A) (without creating an unnecessary burden on local government resources). In imposing a misdemeanor sentence, the court shall consider all of the following factors: (a) the nature and circumstances of the offense; (b) any circumstances surrounding the offender and the offense indicating a history of persistent criminal activity and substantial risk of recidivism; (c) any circumstances indicating the offender's history, character, and condition show a substantial risk of danger to others and conduct characterized by a pattern of repetitive, compulsive, or aggressive behavior

with heedless indifference to consequences; (d) any victim characteristics influencing vulnerability or impacting the seriousness of the offense; (e) the general likelihood of recidivism; (f) any conditions traceable to military service contributing to the offense; and (g) any military service record. R.C. 2929.22(B)(1). The court may also consider other factors relevant to sentencing. R.C. 2929.22(B)(2). . . .

. . .

A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, 2004 WL 2913280, ¶ 24. Nevertheless, a court sentencing for a misdemeanor is not required to state on the record its consideration of the sentencing factors. *State v. Wallace*, 7th Dist. Mahoning No. 12 MA 180, 2013-Ohio-2871, ¶ 16, 18; *Crable, supra*, at ¶ 24.

A reviewing court must presume the trial judge made the required considerations absent an affirmative showing to the contrary. *State v. Best*, 7th Dist. Mahoning No. 08 MA 260, 2009-Ohio-6806, ¶ 14; *Crable, supra*, at ¶ 24. In other words, a silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria. *Wallace, supra*, at ¶ 16; *Best, supra,* at ¶ 14; *Crable, supra*, at ¶ 24–25.

*Hole*, 2024-Ohio-1811, at ¶ 9-10, 12-13 (7th Dist.).

**{¶13}** Appellant did not object to the imposition of the jail sentence at the community control violation hearing. Generally, a defendant's failure to raise an objection with respect to a community control violation waives all but plain error. *See, generally, State v. Levesque*, 2025-Ohio-2834, ¶ 15 (7th Dist.), citing *State v. Campbell*, 2023-Ohio-2815, ¶ 15 (12th Dist.).

Case No. 25 MA 0028

A three-part test is employed to determine whether plain error exists. *State v. Billman*, 7th Dist. Monroe Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 25, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

First, there must be an error, i.e. a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights."

*Billman* at ¶ 25. In order to demonstrate that a defendant's substantial rights have been affected he must show that, but for the error, the trial outcome would have been different. *State v. Issa*, 93 Ohio St.3d 49, 56, 752 N.E.2d 904 (2001).

Plain error "is a wholly discretionary doctrine whereby the appellate court may, but need not, take notice of errors which are obvious and which affect substantial rights that are outcome determinative. . . . This elective tool is to be used with the utmost of care by the appellate court in only the most exceptional circumstances where it is necessary to avoid a manifest miscarriage of justice." (Internal citations omitted.) *State v. Jones*, 7th Dist. No. 06 MA 109, 2008-Ohio-1541, ¶ 65.

*State v. Williamson*, 2021-Ohio-3328, ¶ 37-38 (7th Dist.).

{¶14} As stated, Appellant was charged with one count of domestic violence, a misdemeanor of the fourth degree, to which he initially pled not guilty. Appellant later changed his plea and entered a guilty plea to an amended charge of disorderly conduct in violation of R.C. 2917.11.

{¶15} Appellant points out that the trial court "failed to identify a division number for disorderly conduct." (7/28/2025 Appellant's Brief, p. 1). However, defense counsel noted the Crim.R. 11/sentencing form is indicative that the amended charge is a misdemeanor of the fourth degree. *See* (3/5/2025 Community Control Violating Hearing Tr., p. 3). Also, Appellant was notified of the jail term at the plea hearing. Specifically, the following exchange took place between the trial court and Appellant:

THE COURT: So you know that you have 30 days in jail; they're suspended. If you violate the terms of this entry, you don't pay your fine and costs, you go anywhere near [the victim], this Court finds out about it, I'll put you in jail for 30 days on this, plus whatever else you have going on. Do you understand that?

THE DEFENDANT: Uh-huh.

THE COURT: I need you to say yes or no for me, please.

THE DEFENDANT: Yes, sir. Yes.

(7/3/2023 Plea Hearing Tr., p. 4).

{¶16} Contrary to Appellant's argument, there is nothing improper about charging a defendant with domestic violence, a misdemeanor of the fourth degree, and pursuant to a plea agreement, amending the charge to disorderly conduct, also a misdemeanor of the fourth degree. *See, e.g., State v. Rowland*, 2008-Ohio-3213 (9th Dist.).

{¶17} The record reveals a history of Appellant making physical threats against the victim. The victim wanted the relationship to end and told this to Appellant. Appellant's emotions ran high causing him to be aggressive. Appellant threatened to kill the victim as well as himself. The record further reveals Appellant failed to comply with the trial court's order to obtain mental health counseling. Appellant also failed to maintain good behavior and the community control violation was based on him receiving multiple criminal charges in Trumbull County while on community control.

{¶18} Upon consideration, the trial court did not err in finding Appellant violated his community control and imposing a 30-day jail sentence. *See* R.C. 2929.25(D)(2)(c), "Misdemeanor community control sanctions": ("[I]f an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator . . . [a] combination of community control sanctions, including a jail term.") In fact, Appellant stipulated to the community control violation.

{¶19} Furthermore, the 30-day jail sentence is within the statutory range for the underlying offense of disorderly conduct and is a permissible sanction for a community control violation. *See* R.C. 2917.11(E)(3)(a) ("Disorderly conduct," misdemeanor of the

fourth degree, if the offender persists in such conduct); R.C. 2929.24(A)(4) ("Misdemeanor jail terms," misdemeanor of the fourth degree, not more than 30 days); R.C. 2929.25(A)(1) ("Misdemeanor community control sanctions," sentencing court may impose a jail term).

**{¶20}** Accordingly, the trial court complied with the R.C. 2929.21 and 2929.22 statutory mandates and did not commit plain error or abuse its discretion in imposing a 30-day jail sentence upon Appellant for violating his community control.

## CONCLUSION

**{¶21}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The March 5, 2025 judgment of the Mahoning County Court No. 4 sentencing Appellant to 30 days in jail for a community control violation is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Mahoning County Court No. 4 of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**